New-Haven,
July,
1825.

Morse
v.
State.

MORSE *against* THE STATE OF CONNECTICUT :

IN ERROR.

An indictment or information upon a statute, must state all the facts necessary to bring the defendant precisely within that statute.

Therefore, in a prosecution upon the statute of 1822, for giving credit to a student of *Yale-College*, it was held to be necessary to allege in the information, that an officer of the college was authorized, by the government thereof, to give or refuse his assent to the contract.

A person attending the recitations and lectures of the faculty, having been examined and admitted for that purpose, though not matriculated, is a "student of *Yale-College*," within the statute.

Where it appeared, that the credit was given by the servant of the defendant, without the knowledge or consent of the defendant, and against his express directions, though the defendant afterwards assented to such act of his servant, it was held, that the defendant was not answerable *criminally*.

The mere opinion of a witness respecting the age of a person, from his appearance, unaccompanied by the facts on which that opinion is founded, is inadmissible evidence.

This was an information against the plaintiff in error, for a violation of the statute " concerning the students of *Yale-College*," passed in *May*, 1822. (*a*)   The information alleged, that the defendant, on the 15th of *January*, 1824, gave credit to *Washington Van Zandt*, then a student of *Yale-College*, and under the age of twenty-one years, for suppers, wine and other liquors, to the amount of seven dollars, without the knowledge of the parent or guardian of *Van Zandt*, and without the knowledge or consent of the officers of *Yale-College*, or either of them.

On the trial before the county court, it was admitted, that the parents of *Van Zandt* were living in the state of *New-York*. The public prosecutor offered to prove, by the testimony of *William Oaks* and others, well acquainted with *Van Zandt*, that they should think, from his appearance, that he was a minor, between the age of fourteen and the age of seventeen years. To the admission of this testimony the defendant objected ; but the court overruled the objection, and admitted such testimony.

(*a*) The first section of this act is in these words: "That no person or persons shall give credit to any student of *Yale-College*, being a minor, without the consent, in writing, of his parent or guardian, or of such officer or officers of the college as may be authorized, by the government thereof, to act in such cases, except for washing or medical aid." The 2nd section inflicts a penalty from 20 to 300 dollars, for a violation of the law.

It appeared, that by the laws and ordinances of *Yale-College*, the students are not considered as regular members of college, until, after a residence of at least six months, they have been admitted to matriculation, on satisfactory evidence of an unblemished moral character; being, before this, only students on probation. And the defendant claimed, that until *Van Zandt* had been admitted a member of the college, by matriculation, he could not be considered a student or member of the college within the meaning of the statute; and requested the court so to instruct the jury. The court in their charge, said, that if *Van Zandt* had attended the recitations and lectures of the college, under the faculty, and after an examination for that purpose, had been admitted, by the faculty, to attend such recitations and lectures, he was a student of the college within the meaning of the statute.

The defendant also claimed, that if credit was given to *Van Zandt*, by any one, it was given by *Stephen Northam*, who was the servant and bar-keeper of the defendant, against his express directions; and that the defendant could not be responsible criminally for such act of *Northam*. The court charged the jury, that if they should find, that the defendant had assented to *Northam's* act in giving credit to *Van Zandt*, after the credit was given, it was the same as if the defendant had previously authorized the giving of such credit; and that the defendant, in that case, would be liable as principal, the same as if he had been present, advising or consenting to the giving of such credit.

The jury found the defendant *guilty;* who thereupon filed a bill of exceptions, and brought a writ of error; which was reserved for the advice of the Supreme Court of Errors.

*R. I. Ingersoll* and *Kimberly*, for the plaintiff in error, contended, 1. That the information was insufficient, for want of an averment that the credit was not given for "washing or medical aid." If the enacting clause of a statute, on which a prosecution is founded, contain an exception, the prosecutor must aver that the offence charged is not within the exception. 1 *Chitt. Plead.* 229 1 *Chitt. Cr. L.* 234. *Commonwealth* v. *Maxwell*, 2 *Pick.* 139. In this case, it does not appear, that the refreshment and liquors furnished to *Van Zandt*, were not medicines, prescribed by a physician.

2. That the information was insufficient, for want of an averment, that any officer or officers of the college were authori-

zed, by the government thereof, to give or withhold consent, or
to act in relation to this subject.   *Soper* v. *Harvard College*, 1
*Pick.* 177.

3. That the charge was incorrect, inasmuch as *Van Zandt*
was not a *student* of the college.   By the laws of the corpora-
tion, which the faculty cannot dispense with, no person can be
a member of the institution, until he is matriculated.

4. That the charge was also incorrect, inasmuch as it impu-
ted the offence of the servant to the master.   The master is not
answerable *criminaliter* for the unauthorized acts of his servant.
*Paley on Agency* 238.   *Rex* v. *Huggins*, 2 *Stra.* 885.   Nor
even in trespass.   *McManus* v. *Crickett*, 1 *East*, 106.   To con-
stitute a crime, an intention to do the act prohibited, is indis-
pensable; and this intention must accompany the act.   *Myers*
v. *State*, 1 *Conn. Rep.* 502.   A subsequent assent can have no
effect.

5. That the *opinions* of witnesses as to the minority of *Van
Zandt*, were inadmissible.   In relation to this subject, as on
most others, the witness must speak as to *facts ;* this not being
within any of the exceptions to the general rule.   *Phill. Evid.*
209. *Peake's Evid.* 199.

*Daggett* and *N. Smith*, contra, contended, 1. That where a
section or clause of a statute prohibiting an offence, contains a
proviso or exception, which furnishes matter of excuse for the
defendant, it need not be negatived in the declaration, but he
must shew it.   You must look at the *nature* of the proviso or
exception, and not at its location in the statute.   You must
state every thing, which goes to constitute the *offence* accor-
ding to the statute ; and that is sufficient.   *Bennet* v. *Hurd*, 3
*Johns. Rep.* 438.   *Teel* v. *Fonda*, 4 *Johns Rep.* 304.   *Esp.* on
*Penal Stat.* 94, 5.   Brought to this test, the information will
not be found defective on either of the grounds specified by
the plaintiff in error.

2. That all persons admitted into college to receive instruc-
tion, and attending the recitations and lectures of the facul-
ty, are *students* within the meaning of the statute, whether they
have been matriculated or not.   The statute uses the term
" student" in its popular sense.   It knows nothing about ma-
triculation.   Even the law of college requiring matriculation,
calls the persons to be matriculated " students."

3. That the charge regarding the defendant's liability for
*Northam's* acts, may be vindicated on two grounds.   First, the

*New-Haven,*
July,
1825.

Morse
*v.*
State.

subsequent assent created *the debt,* and perfected the act of *giving credit* prohibited by the statute. The case turns on a question of *contract* ; as there cannot be a *credit given,* without a contract. The statute does not prohibit the furnishing of food and liquors, or the taking of payment, but the *giving of credit ;* and this consists in the consent to give day of payment. Secondly, with respect to offences which are *mala prohibita,* the master is responsible *criminaliter* for the acts of the servant. *Holt* on *Libels* 51-6. *Rex* v. *Walter,* 3 *Esp. Rep.* 21. *Bul. N. P.* 6. *Rex* v. *Almon,* 5 *Burr.* 2686. 1 *Bla. Comm.* 430, 1. *Andres* v. *Wells,* 7 *Johns. Rep.* 260. This responsibility of the master is necessary in order to protect the public.

4. That the evidence of *Van Zandt's* age, was unexceptionable. It may not have been the strongest or most decisive possible ; nor does the rule require this ; but it was in its nature, admissible. The witnesses gave the result of their observations, not their *abstract opinions.* The *personal appearance* of any one, is matter of *fact.* Could you not prove the age of a horse from the *appearance* of his teeth ? And would it be necessary for the witness to describe that appearance to the jury ? Might he not give, at once, the result of his observations ?

HOSMER, Ch. J. To bring one, who has given credit to a person under age, within the purview of the act on which the prosecution is founded, an officer or officers of college must have been authorized "by the government thereof," with capacity to give or refuse consent to the contract of a minor. The legislature never intended to inhibit the students of *Yale-College,* being minors, from obtaining credit, in any event ; but to prevent their doing it in violation of rules established by the government of that institution.

It is not alleged in the information, that such an officer or officers as before have been alluded to, had been appointed, or existed. Although, when a statute contains provisos and exceptions in distinct clauses, it is not necessary to shew, in an indictment, that the defendant is not within the exceptions, or to negative the provisos ; yet, if the exceptions themselves appear in the enacting clause, it is requisite to negative them, in order that the description of the crime may, in all respects, correspond with the statute, 1 *Chitt. Cr. L.* 233. *Rex* v. *Jarvis,* 1 *East,* 643, 647. in note. 1 *East's P. C.* 166. *Soper* v. *Harvard College,* 1 *Pick.* 177. *Commonwealth* v. *Maxwell,* 2 *Pick:* 139. And what is directly to the purpose, it is a general

rule, that an indictment or information must state all the facts necessary to bring the defendant precisely within the law.   1 *Chitt. Cr. L.* 231.   One indispensible fact is not averred; and for this omission, the declaration, undoubtedly, is insufficient.

*New-Haven,*
July,
1825.

Morse
*v.*
State.

*Van Zandt*, although not matriculated, was a student of *Yale-College*, within the intendment of the law.   He was under the government of the authority presiding over this institution, and required the same controul and protection, as if he had been entitled to the highest privileges.

The testimony of *Oaks* and others, I am inclined to think, was inadmissible.   It was *opinion*, entirely abstracted from fact. Had the witnesses testified to the facts indicative of *Van Zandt's* age, and accompanied them with their belief or opinion, I should consider the testimony competent.

From the motion, it is fairly to be inferred, that no credit was given to *Van Zandt*, by the defendant; but by *Northam*, his bar-keeper, only, without the knowledge or consent of *Morse*, and *against his express directions.*   In the performance of this act, *Northam* was not the defendant's agent.   He was not authorized to give the credit, either expressly, or in the usual course of his business; but was prohibited from doing it.   Notwithstanding this, which the court below impliedly admitted, the jury were charged, that if the defendant subsequently assented to the acts of *Northam*, he ratified them, and made them his own.   This was was an unquestionable error.   In the law of contracts, a posteriour recognition, in many cases, is equivalent to a precedent command; but it is not so in respect of crimes.   The defendant is responsible for his own acts, and for the acts of others done by his express or implied command, but to crimes the maxim *omnis ratihabitio retrotrahitur et mandato equiparatur*, is inapplicable.

In cases admitting of accessories, a subsequent assent merely, would not render a person an accessory.

PETERS, J. dissented as to the insufficiency of the information, and as to the incorrectness of the charge.

BRISTOL, J. concurred with the Chief Justice.

BRAINARD, J. was absent.

Judgment to be reversed.