JAMES BROWN, impl'd, &c.,

v.

JOHAN METZ.

33 339
82a 562

1. COVENANTS — *pass with the seizin of the land.* A grantee of land, holding under a deed containing a covenant of general warranty, conveyed the premises to a trustee, with power of sale, to secure a portion of the purchase-money; the trustee made sale under the power, to a third person, and executed a conveyance. *Held,* that the covenant of warranty passed with the seizin of the land, from the grantor in the deed of trust to the trustee, and from him to his grantee.

2. IDENTITY OF PERSONS PRESUMED *from the same name.* Where the name of a subsequent grantee of land is the same as that of a prior holder and grantor, he will be presumed to be the same person.

3. EXTINGUISHMENT OF COVENANT OF WARRANTY, *by a reconveyance of the land to the warrantor.* Where a grantor of land, whose deed contained a covenant of warranty, before any breach of his covenant becomes reinvested with the seizin which he conveyed, and which he covenanted to warrant and defend, his obligation in that regard becomes extinguished. The estate granted by him ceases upon the reconveyance, and the covenant attendant upon the estate, and only coëxtensive with it, is extinguished when the estate ceases.

4. EXTINGUISHMENT OF OBLIGATIONS, *generally, by their transfer to the obligor.* The law does not allow persons to become assignees of their own obligations; and when an obligation is transferred to an obligor by an instrument in the form of an assignment, instead of taking effect as such, it operates as an extinction of the obligor's liability.

5. REVIVOR OF AN EXTINGUISHED COVENANT. A subsequent conveyance of land by one who had become reinvested with an estate which he had previously conveyed with covenant of warranty, does not operate to revive the covenant. Such subsequent conveyance is made either with or without warranty or covenants, at the will of the grantor, and there is no liability resting on him, unless there be a new warranty or covenants, whereby he enters into a new obligation.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of covenant, commenced in the Adams county Circuit Court, by Johan Metz against James Brown, James R. W. Hinchman, and John S. Loomis. The summons was served upon the defendant Brown, and returned not found as to the other defendants. The questions presented by the record arise

upon demurrer to the declaration, which averred, in substance, that the defendants, Hinchman, Loomis and Brown, on the 26th day of March, 1857, conveyed two lots of land, describing them to Austin J. Lubbe, by deed containing a general covenant of warranty; that, on the same day, Lubbe made and executed his deed of trust to Newton Flagg, as trustee, upon said premises, to secure the payment of two notes to Brown, Hinchman and Loomis; said deed of trust containing a power of sale in case of non-payment; that, on the 23d day of March, 1859, said Flagg, under and in pursuance of said power of sale, sold and conveyed the said premises to the defendant James Brown; that said James Brown, on the 28th day of March, 1859, conveyed by quitclaim deed the premises in question to Lubbe; and that Lubbe, on the 30th day of April, 1862, conveyed by quitclaim deed to Johan Metz, the plaintiff.

The declaration assigned, as a breach of the covenant :

That the said defendants have not forever warranted and defended the title to said premises, conveyed by said deed to said Lubbe, his heirs and assigns, against all lawful claims whatsoever; but, on the contrary, that, on said 27th March, 1857, the paramount title and freehold in said premises was in some other person or persons than the said defendants, or any of them, by virtue of which paramount title the plaintiff, on the 4th day of June, 1862, was evicted out of and kept out of the said premises; and in respect to the extent, manner and quality of the same title, eviction and ouster, the plaintiff avers that, on the 13th October, 1856, said defendants Hinchman and Loomis mortgaged the said premises, with other premises, to one Calvin H. Chadsey, to secure three notes made by Hinchman and Loomis to said Chadsey, amounting to $8,016.14.

That said Calvin H. Chadsey, on the 14th October, 1856, indorsed and delivered the two of said notes last falling due to one Henry C. Chadsey, and also assigned said mortgage to said Henry C. Chadsey.

That on the 6th March, 1860, said Calvin H. Chadsey filed his bill in the Circuit Court of Adams county, making said Hinchman, Loomis and Brown, and others, defendants, to foreclose said

mortgage, for non-payment of said two last mentioned notes; avers decree of foreclosure and for sale of the premises, made on the 10th April, 1861; avers sale by special commissioner, under said decree, of said lots 17 and 18, on 29th June, 1861, to Henry C. Chadsey, for $400.

That said sale was duly reported to said Circuit Court, and the same confirmed, at October Term, 1861.

That said Chadsey, by virtue of said mortgage and said sale, "would, at expiration of fifteen months from said sale, have become entitled to, and would have received, a deed conveying to him, as purchaser at said sale, a title to said premises paramount and superior to the title thereto derived to the plaintiff through the said deed from said defendants to said Lubbe; and that, to prevent said Chadsey from acquiring such paramount title, under which the plaintiff could and would have been lawfully disturbed in the enjoyment of said premises, and could and would have been lawfully evicted therefrom and kept out of the same, the plaintiff was under the necessity of redeeming, and did, on the 4th June, 1862, necessarily redeem said premises from said sale, by paying to said special commissioner the sum of $437.20," which sum was received by said commissioner and said Chadsey in full for redemption of said premises from said sale; contrary to the said covenant so made by the defendants to said Lubbe, his heirs or assigns, as aforesaid.

The defendant Brown demurred to the declaration, and to the breach assigned therein. The demurrer was overruled by the court. Brown electing to abide by his demurrer, judgment in chief was entered thereon against him, for the sum of $475.18 damages, and costs of suit. He thereupon took this appeal.

The assignment of errors presents the question whether Brown is liable upon his covenant of warranty contained in the deed from himself, Hinchman and Loomis, to Lubbe, or whether, by reason of his having become reinvested with the estate which he had covenanted to warrant and defend, before any breach of that covenant, his obligation in that regard became extinguished.

Messrs. SKINNER & MARSH, for the appellant.

Messrs. BROWNING & BUSHNELL, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

On the 26th day of March, 1857, James Brown, James R. W. Hinchman and John S. Loomis conveyed two lots of land to Anton J. Lubbe by deed containing a general covenant of warranty. On the same day Lubbe conveyed the premises, in fee, to Newton Flagg in trust to secure the payment of Lubbe's two promissory notes for $1,076, payable to Brown, Hinchman and Loomis, with a power of sale in default of payment. Under this power of sale, Flagg, on the 23d of March, 1859, sold and conveyed the premises to James Brown; who, on the 28th of the same month, conveyed the same by quitclaim deed to Anton J. Lubbe; who on the 30th of April, 1862, conveyed the same by quit claim deed to the appellee. On the 13th of October, 1856, Hinchman and Loomis executed a mortgage of the premises to Calvin H. Chadsey; and the appellee alleges that he has been evicted by the foreclosure of this mortgage. The suit is brought by the appellee against Brown, Hinchman and Loomis for the recovery of damages, sustained by an alleged breach of their covenant of warranty occasioned by the eviction. Hinchman and Loomis were not served with process. The covenant of warranty passed with the seizin of the land, from Lubbe to Flagg, and from him to James Brown. The James Brown to whom Flagg conveyed will be presumed to be the person who by that name executed the conveyance to Lubbe. 2 Phil. Ev. 508; *Sewell* v. *Evans*, 4 Q. B. 626; *Roden* v. *Hyde*, id. 629; *Simpson* v. *Dinsmore*, 9 M. & W. 47. The appellant having, before any breach of his covenant, become reinvested with the seizin which he conveyed and which he covenanted to warrant and defend, his obligation in this regard was extinguished. The estate granted by him ceased upon the reconveyance, and the covenant attendant upon the estate, and only coëxtensive with that, was extinguished when the estate ceased. The law does not allow persons to become assignees of their own obligations, and when an obligation is transferred to an obligor by an instru-

ment in the form of an assignment, instead of taking effect as such it operates as an extinction of the obligor's liability. The liability of a covenantor upon the covenant of warranty now in use is, in many respects, the same that it was under the old charter of warranty, out of which the nature and incidents of the present covenant are derived. The acts which extinguished the liability of the warrantor under the old charter of warranty, should have the same effect in regard to the present covenant of that description. The rule in regard to the extinction of the liability of a covenantor to warrant and defend the title to realty does not differ from that which obtains respecting other obligations.

Notes, bonds, and all obligations, when assigned to the obligor, are extinguished by operation of law. Coke, in his commentaries upon Littleton, says (*vide* sec. 743): "When the warrantor takes back an estate as large as that which he had made, the warranty is defeated; because he cannot warrant land to himself, nor be an assignee of himself." Littleton and his illustrious commentator give numerous instances of the extinction of covenants by a reconveyance of the estate to the warrantor. 1 Shep. Touch. 201; Platt on Cov. 585.

The person seized of the estate conveyed, always had the power to release the covenantor, or warrantor, from his liability before the covenant or warranty was broken. As the covenant, or warranty, ran with the land until a breach, the reconveyance of the land before that time to the covenantor, or warrantor, transferred to him the covenant or warranty, without liability upon it to any one. There was no reason for keeping the obligation in force after that time. The covenant was designed to secure an indemnity to the grantee, and to those claiming under him, in case he, or they, were deprived of the estate; and when the estate was reconveyed to the grantor before any loss was sustained, the purpose for which the covenant was used, was consummated. Inasmuch as a formal release could not be executed by the covenantor to himself, the law made a reconveyance (under such circumstances) operate as a release. A subsequent conveyance of the premises did not revive the obligation. Such

a conveyance was made either with or without warranty or covenants, at the will of the grantor; and there was no liability resting on him, unless there was a new warranty or covenants, whereby he entered into a new obligation. Inasmuch as Hinchman and Loomis are not in court, it is unnecessary to define their rights or liabilities. We are of the opinion that Brown's liability was extinguished; and the judgment against him is reversed and the cause remanded.

*Judgment reversed.*