BRADLEY C. WHITCHER & another *vs.* JAMES R. McLAUGH-LIN.

Suffolk. March 5. — June 17, 1874. WELLS & ENDICOTT, JJ., absent.

Where evidence is admitted which is competent when connected with other evidence, an exception to such admission cannot be sustained, unless the bill of exceptions shows affirmatively that such other evidence was not introduced, or that the evidence admitted was improperly used for a purpose for which it was not competent.

It is the province of a judge who presides at a trial, to pass upon all preliminary matters which are necessary to be shown in order that a record entry may be properly admissible as evidence; and if he admit such record entry, it is presumed that he found as facts all such preliminary matters; and such finding is conclusive, unless he saves the question on report or it is brought up on a bill of exceptions which contains a statement of the evidence.

Where the judge presiding at a trial admits as evidence a family record of births, the first part of which, including the name of the person whose age is sought to be established, is a copy of a former record; it must be presumed that the judge found as a fact that the original record was lost and the copy, properly substantiated, is admissible as secondary evidence.

An entry contained in a church record of baptisms of the birth of a child, though of itself it be not competent evidence to prove the date of the birth, is admissible to prove the date of the baptism, and this, if connected with other evidence tending to show the age at baptism, is admissible to show the date of the birth.

CONTRACT on an account annexed, by Bradley C. Whitcher and Leonard A. Saville, against James R. McLaughlin, who appeared by his guardian, Ann McLaughlin. The answer set up the defence of infancy.

At the trial in the Superior Court, before *Lord*, J., the jury found for the defendant, and the following bill of exceptions was allowed :

" The defendant, among other things, offered in evidence the baptismal records of St. Patrick's Parish, in the city of Boston (late Roxbury), in which was inserted the following entry : ' 1852, October 3, James, born the 2d inst., son of Lawrence McLaughlin and Ann, his wife ; sponsors, John and Ann Tobin. (Signed) Thomas Lynch.' It was shown by the present priest of the parish, that Father Lynch died about three years ago ; that said book was found in his house after his death by the witness, and has ever since been in his possession ; that by the canons of the church, the priest is the proper officer to have the custody of it ; that the witness succeeded Father Lynch as priest of the parish, and has continued the record ; that Father Lynch was priest of the parish for thirty-five years ; that the witness does not know his handwriting. He further testified in answer to questions by the presiding judge, that baptism is a sacrament in the Catholic Church, and that the priest is required by the canons of the church to · record all baptisms ; that there is no particular rule fixing the time within which infants of confirmed catholics shall be baptized ; but it is generally supposed that children will be baptized within nine or eleven days under pain of sin. The book was admitted in evidence against the objection of the plaintiffs. The defendant also offered in evidence a volume entitled ' The Life of the Virgin Mary,' containing a record of births and deaths, &c., purporting to be a record of the births and deaths in the family of Lawrence McLaughlin, the father of the defendant, James R.

" Lawrence McLaughlin testified that he kept a record of the births of his children on the fly-leaf of his wife's manual until

about 1858, when, upon having the above volume presented to him, he copied said original record into the book offered, and after that time continued to enter births and deaths therein. He further testified that he made said entries in said first book just according to the truth, the same day the children were born; that they were correctly copied, and that said book is lost. The book was admitted in evidence against the objection of plaintiffs.

"The plaintiffs excepted to the admission of the above evidence."

*A. Cottrell*, for the plaintiffs, cited, to the point that the baptismal record was not evidence of the age of the defendant: *Burghart* v. *Angerstein*, 6 C. & P. 690; *Rex* v. *Clapham*, 4 C. & P. 29; *The King* v. *North Petherton*, 5 B. & C. 508; *Clark* v. *Trinity Church*, 5 Watts & S. 266; *Childress* v. *Cutter*, 16 Mo. 24.

*W. F. Slocum*, for the defendant.

COLT, J. Under the plea of infancy, the issue was whether the defendant was of age at the time of the promise declared on. To prove that he was not, the defendant was permitted to put in the entry of his baptism contemporaneously made by a Roman Catholic priest since deceased in a book which appeared to be a church record of baptisms, and which was produced from the proper custody. In *Kennedy* v. *Doyle*, 10 Allen, 161, this was held competent evidence for the purpose of proving the date of the baptism. It was treated as an entry made by a third person in the discharge of an official duty.

The plaintiffs contend that it was not admissible to prove the time of the defendant's birth. But assuming this to be so, the exception cannot be maintained, unless it affirmatively appears that the evidence was improperly used for that purpose. The date of the baptism, with the aid of other evidence tending to fix the defendant's age at that time, would become material, and the entry was competent to prove that date. We must presume that such evidence was in the case. The bill of exceptions indeed shows that the entry was offered in evidence "among other things." If the entry was admissible for any purpose, the plaintiff has no ground of exception, unless the judge refused at the trial to limit its effect and permitted it to be used for a purpose for which it ·was not competent. In the absence of anything

showing the contrary, it must be presumed that the proper limitation was given. A general objection to its admissibility will not be sustained; and where evidence is admitted which is competent when connected with other evidence, it is held to be no ground of exception unless it appears from the bill of exceptions that such other evidence was not introduced. *Liverpool Wharf* v. *Prescott*, 4 Allen, 22. *Burghardt* v. *Van Deusen*, 4 Allen, 374, 377. *Merritt* v. *Morse*, 108 Mass. 270. *Earle* v. *Earle*, 11 Allen, 1.

The preliminary facts which must have been shown to make the record entry evidence at all, such as that the book was regularly kept by the proper official, was in his handwriting, and came from the proper custody, it was the province of the judge who presided at the trial to pass upon; and his decision is conclusive, unless he saves the question on report, or it is brought up on exceptions which state the evidence upon which his finding is made. *Gorton* v. *Hadsell*, 9 Cush. 508. There is no attempt to revise his findings in this respect. And it does not appear that the record was erroneously admitted.

As to the second exception, the court must have found as fact that the original family record was lost; secondary evidence of its contents was therefore admissible. The copy produced with evidence of its accuracy was competent secondary evidence. *Holmes* v. *Marden*, 12 Pick. 169. *Exceptions overruled.*