JOHN McNEIL *vs.* MATTHEW COLLINSON.

Essex.  Nov. 6, 1879. — Feb. 24, 1880.  COLT & AMES, JJ., absent.

In an action to recover the penalty provided by the St. of 1875, *c.* 99, § 15, for the sale of intoxicating liquor to a minor, an allegation in the declaration that the defendant was licensed may be rejected as surplusage.

MORTON, J.  This action is brought under the St. of 1875, *c.* 99, § 15, which provides that "whoever, by himself or his agent or servant, shall sell or give intoxicating liquor to any minor, or allows a minor to loiter upon the premises where such sales are made, shall forfeit one hundred dollars for each offence, to be recovered by the parent or guardian of such minor in an action of tort."

It is entirely clear, that, in order to state a cause of action under this section, it was not necessary for the plaintiff to allege that the defendant was licensed under the statute.  The liability is incurred equally by any person, licensed or unlicensed, who sells or gives intoxicating liquor to a minor, or allows a minor to loiter upon the premises where such sales are made. But the plaintiff having in his declaration alleged that the defendant was licensed and sold to a minor in violation of his license, the question is whether he is required to prove this allegation.

If this allegation should be rejected as surplusage, the declaration will still state a good cause of action against the defendant. The first count would then allege that the defendant, in violation of the statute, sold intoxicating liquor to the minor son of the plaintiff.  These allegations include all the essential elements necessary to institute the plaintiff's cause of action under the statute.  The same remarks are true as to the second and third counts.

The general rule, applied both in civil and criminal cases, is that the plaintiff or prosecutor is bound to prove no more than is necessary to make out his case, and that any allegations beyond this need not be proved, unless they are descriptive of the identity of the cause of action or charge, or of some essential part of it.  *Commonwealth* v. *Pray*, 13 Pick. 359.  *Commonwealth* v. *Hart*, 11 Cush. 130.  *Lyons* v. *Merrick*, 105 Mass. 71.  In *Commonwealth* v. *Baker*, 10 Cush. 405, a question similar to the

one arising in the present case was decided. In that case, the complaint alleged that the defendant, "not being then and there first duly licensed, according to law, as an innholder or common victualler, and without any authority, or license therefor duly had and obtained," sold intoxicating liquor to one Metcalf, in a dwelling-house. It appeared that the defendant was duly licensed as an innholder, but without authority to sell in the place where the sales were made. The court held that the averment that the defendant was not licensed as an innholder might be rejected as surplusage, and that proof of the other averments in the complaint warranted his conviction.

In the case at bar, the plaintiff's cause of action is entirely independent of the question whether the defendant was licensed or not. The allegation that he was licensed is not descriptive of the identity of the cause of action; it is not an essential element of the legal proposition to be proved, and may be stricken out without getting rid of anything essential to the plaintiff's claim. It is rather a description of the person or character of the defendant, as if he had been alleged to be a married man. We are of opinion that it may be rejected as surplusage, and therefore need not be proved.

The argument of the defendant, that this allegation is material because it might affect the rights of sureties of the defendant, is not well founded. A judgment for the plaintiff will not preclude any one hereafter alleged to be a surety from contesting the question whether he had duly executed and delivered a bond as the surety of the defendant as a licensee. The issues, whether the defendant was licensed, whether he filed a bond, and whether any one duly executed the bond as surety, are not involved in this case, and therefore a judgment would not upon these issues be binding as to any person alleged to be a surety. The result and legal effect of the judgment are the same whether the defendant was a licensed or unlicensed dealer in liquors, and therefore the allegation on this point is immaterial.

As the Superior Court ruled that the plaintiff was bound to prove this allegation, it follows that there must be a

*New trial.*

*J. Lamson,* for the plaintiff.

*S. B. Ives, Jr.,* for the defendant.