### James J. Costello, executor, *vs.* Horace S. Crowell, administrator.

Suffolk. March 17. — Sept. 7, 1882. Endicott & Devens, JJ., absent.

At the trial of an action upon a promissory note made by the defendant's intestate, the issue was whether the signature of the intestate was genuine or forged. The payee of the note testified that the intestate was financially embarrassed, and applied by letter to the witness for a loan of the money for which the note was given; which letter was in evidence. The defendant offered the evidence of the cashiers of two banks, that the intestate could have borrowed money at each bank; which evidence was excluded. *Held,* that the defendant showed no ground of exception.

On the issue whether the signature of the maker to a promissory note was genuine or forged, in an action on the note, the plaintiff put in evidence two letters, with proof, not by experts, that they were in the handwriting of the maker. The defendant called experts, who testified that, in their opinion, the letters were not in the maker's handwriting. The plaintiff was then allowed to call an expert to testify that, in his opinion, the letters were in the maker's handwriting. *Held,* that the admission of this testimony was within the discretion of the judge.

Where the genuineness of a signature of a person is in issue, a paper containing another signature of such person may be admitted in evidence, as a standard of comparison, if its genuineness is found as a fact by the presiding judge upon clear and undoubted testimony, before it is submitted to the jury; and that finding cannot be revised or set aside by this court, unless it is founded upon error in law or improper or insufficient evidence.

At the trial of an action by the executor of the payee of a promissory note against the alleged maker, the defence to which was that the signature of the maker was a forgery, a master in chancery was allowed to testify, against the plaintiff's objection, to declarations made by the plaintiff's testator as to his property and means when offering himself as bail for his son in a criminal case. This son had indorsed to his father another note purporting to be signed by the same person as the note in suit. The evidence was admitted for the sole purpose of showing the circumstances under which the declarations were made, and the authority of the magistrate. *Held,* that the plaintiff did not show any ground of exception.

In an action by a payee against the alleged maker of a promissory note, the defence to which was that the signature of the maker was a forgery, the defendant, for the purpose of showing that the payee did not have the means of advancing the money which he alleged was the consideration of the note, was allowed to show that the plaintiff did not use means which he did possess. *Held,* that if there was evidence that the plaintiff had no other means, the evidence admitted was competent; and that if there was no such evidence, the evidence was immaterial, and the plaintiff could not be prejudiced by it.

If incompetent evidence, admitted under objection, is withdrawn by the judge with instructions to the jury to disregard it, the objecting party has no ground of exception.

If a witness, on looking at an entry in a book made by him at the time, is able from it to testify to the delivery of articles, his testimony is admissible, although he has no present memory of the transaction; and if he cannot, from recollection, fix the date, that being a material fact, the entry itself is admissible for that purpose.

CONTRACT upon two promissory notes. The first note was payable to the order of James Costello, the plaintiff's testator, and purported to be signed by Thomas Corey, the defendant's intestate. The second note was payable to the order of John F. Costello, a nephew of Corey, who indorsed it to James Costello, and purported to be signed by Corey. The defence was that both notes were forgeries. At the trial in the Superior Court, before *Gardner*, J., the jury returned a verdict for the defendant on the first note, and a verdict for the plaintiff on the second note; and each party alleged exceptions, which appear in the opinion.

*H. E. Swasey & G. R. Swasey*, for the plaintiff.

*J. G. Abbott*, for the defendant.

W. ALLEN, J. 1. It does not appear that the court erred in excluding the testimony, offered by the defendant, of the cashier of one bank that Corey could have borrowed money at that bank, or the testimony of the cashier of another bank that its president had instructed him to let Corey have, on his account, whatever money he desired. The question on trial was, whether the signature of Corey to the note was genuine or forged. This evidence was offered to contradict the testimony of Costello, the payee of the note, that Corey was financially embarrassed, and had applied, by letter, to the witness for a loan of the money for which the note was given; which letter was in evidence. The fact that Corey might have borrowed money of two other persons would not, of itself, be competent to prove that he did not borrow of his nephew, nor that he was not financially embarrassed; but it was a circumstance which might have been so connected with other circumstances as to have become competent. It is upon the party objecting to its rejection to show that it was material. *Fisher* v. *Plimpton*, 97 Mass. 441.

2. The plaintiff put in evidence two letters, with proof, not by experts, that they were in the handwriting of Corey. The defendant called experts, who testified that, in their opinion, the letters were not in Corey's handwriting. The plaintiff was

allowed to call an expert to testify that, in his opinion, the letters were in the handwriting of Corey. This was a matter within the discretion of the court.

3. The first exception taken by the plaintiff is to the admission of a check, with evidence that it was signed by Corey, as a standard of comparison. Before a specimen of handwriting can be admitted for this purpose, it should be shown by clear and undoubted testimony that it is genuine. Its genuineness must be found as a fact by the judge at the trial, before it can be submitted to the jury. This court can revise that finding, and can set it aside only if founded upon errors in law, or improper or insufficient evidence. There is no exception to any principle of law upon which the finding was made, and the evidence was sufficient to sustain it.

4. The testimony of the masters in chancery objected to was admitted for the sole purpose of showing the circumstances under which certain declarations of James Costello were made; and the authority of the magistrates. We think that the testimony that John F. Costello, the son of James, and the indorser to him of one of the notes under consideration, was the principal for whom James offered himself as bail, was competent for the former purpose; and it does not appear what the testimony as to the nature of the offence charged was, nor that the plaintiff was prejudiced by it.

5. It was competent for the defendant to prove that James Costello did not have the means to advance the money for which the plaintiff contended that the notes in suit were given. As one step in this proof, it was competent to show that he did not use for that purpose means that he was known to possess, to give effect to evidence that he did not possess other means. It does not appear that there was not such evidence, and without it the evidence objected to would be wholly immaterial, and the plaintiff could not have been prejudiced by it. *Higgins* v. *Andrews*, 121 Mass. 293. *Atwood* v. *Scott*, 99 Mass. 177. *Stebbins* v. *Miller*, 12 Allen, 591. *Whitcher* v. *McLaughlin*, 115 Mass. 167.

6. The testimony of the witness Ahl, which was objected to by the plaintiff, was withdrawn by the court from the consideration of the jury, and they were instructed to disregard it. If it was incompetent, this removed all ground of exception. The

same is true of the order-book of Groom & Co. *Smith* v. *Whitman*, 6 Allen, 562. There is no reason to suppose that the plaintiff was prejudiced by the introduction and withdrawal of the evidence.

7. The remaining exception of the plaintiff is to the admission of the entry in the books of Korff & Co. to prove the date of the delivery of the blanks by them to Groom & Co., on one of which the note in suit was written. These entries were first used to refresh the memory of the witness Armstrong. They were clearly competent for that purpose. It was an original entry, made by the witness, which enabled him upon looking at it to testify to the fact, not from actual recollection, but because he knew that he could not have made the entry unless the fact had been true. 1 Greenl. Ev. § 437. *Dugan* v. *Mahoney*, 11 Allen, 572. *Morrison* v. *Chapin*, 97 Mass. 72. This use of the entry did not make it evidence, nor authorize it to be submitted to the jury, unless for the purpose of testing the memory which had been refreshed by it. Subsequently the defendant offered the book itself in evidence, and it was admitted, and the entry read to the jury. We think it was properly admitted. Armstrong testified to the delivery of the blanks, but he could not, from recollection, fix the date, which was a material fact. For the purpose of doing this, the entry made by the witness at the time of the transaction, in the regular course of business, was competent. 1 Greenl. Ev. § 116. *Kennedy* v. *Doyle*, 10 Allen, 161, and cases cited. *Bunker* v. *Shed*, 8 Met. 150. *Welsh* v. *Barrett*, 15 Mass. 380. *Shove* v. *Wiley*, 18 Pick. 558. *Anderson* v. *Edwards*, 123 Mass. 273, and cases cited. *Union Bank* v. *Knapp*, 3 Pick. 96. *Adams* v. *Coulliard*, 102 Mass. 167.

*Exceptions overruled.*