## COMMONWEALTH *vs.* BARTHOLOMEW O'BRIEN.

Suffolk. January 12. — 15, 1883. FIELD & W. ALLEN, JJ., absent.

A complaint for selling intoxicating liquors to a minor, without having "any license, authority, or appointment, according to law, to make such sale to said minor," need not allege that the defendant was licensed under the Pub. Sts. c. 100.

At the trial of a complaint for selling intoxicating liquors to a minor, a witness, who testifies to the fact of the sale and the general appearance of the person to whom the sale was made, may give his opinion as to the age of such person.

COMPLAINT to the Municipal Court of Boston, alleging that the defendant, on August 2, 1882, at Boston, "unlawfully did sell intoxicating liquors to a minor, to wit, to a girl, whose name is unknown to said complainant; the said girl being then and there under twenty-one years of age, and the said O'Brien not having then and there any license, authority, or appointment, according to law, to make such sale to said minor."

In the Superior Court, the defendant moved to dismiss the complaint, for the following reasons : "1. It does not appear in or by the complaint that the defendant was licensed to keep for sale or sell spirituous or intoxicating liquors under chapter 100 of the Public Statutes of this Commonwealth. 2. There is no offence fully, formally and substantially set forth in said

complaint." *Mason,* J. overruled the motion, and the defendant excepted.

At the trial, it appeared in evidence that, on the day of the alleged sale, a female of youthful appearance and in stature about as high as an ordinary man's shoulder, clad in a hat, shawl and short dress reaching to the knee, entered the place of business of the defendant, and purchased from him some ale, for which she paid, and which she carried away in a pail under her shawl.

The complainant, a witness called by the government, was asked by the government, after testifying as above to the appearance of the female, "What in your opinion was the age of this girl?" The defendant objected, but the judge overruled the objection, and the witness answered, "Not over thirteen years of age." This was all the evidence on the question whether said female was or was not a minor.

The defendant asked the judge to instruct the jury that the government was bound to prove, beyond a reasonable doubt, that the person to whom this sale was alleged to have been made was at the time a minor, and under the age of twenty-one years.

The judge instructed the jury as requested; and further instructed them that the evidence of the complainant as to his opinion of the age was evidence competent for them to consider and weigh on this point. To this ruling the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. F. Paige,* for the defendant.

*C. H. Barrows,* Assistant Attorney General, (*G. Marston,* Attorney General, with him,) for the Commonwealth.

DEVENS, J. By the Pub. Sts. *c.* 100, § 1, every person is forbidden to sell intoxicating liquor except as he may be entitled so to do by virtue of that chapter, other sections of which provide for the granting of licenses by the authorities there named, upon the terms and conditions therein stated. No license can be granted which will permit a sale to a minor, and whether the defendant was or was not a licensee, such a sale by him would be a violation of the statute.

The Pub. Sts. *c.* 100, § 25, reënacting the St. of 1875, *c.* 99, § 15, provide for the recovery of a penalty for the sale of intoxicating

liquor to a minor, by his parent or guardian, in an action of tort. It has been held that, in an action for such penalty, it is not necessary for the plaintiff to allege that the defendant was licensed under the statute; and that, such allegation having been made and the proof having failed to sustain it, it might be treated as surplusage. *McNeil* v. *Collinson*, 128 Mass. 313.

It is true that, if the defendant were convicted, upon complaint or indictment, of such a sale, there being an allegation, which was proved, that he was then a licensee, he would be exposed to the additional penalty of a forfeiture of his license and a disqualification to enjoy one for a year thereafter. Pub. Sts. *c.* 100, § 18. But if the proof had failed to sustain the allegation, and it had been negatived by the jury, as the sale of liquor to a minor, whether made by a licensed or unlicensed person, is unlawful, a verdict upon the rest of the indictment would have found the defendant guilty of an offence against the statute well described therein, although he might not be subjected thereby to the additional penalty which is imposed upon a licensee. The complaint in the present case was therefore sufficient, and the motion to dismiss it was properly disallowed.

After carefully describing the appearance, dress and manner of the girl to whom the sale was testified by him to have been made, and who was alleged by the complaint to have been a minor, the witness who thus testified was permitted to give his opinion as to her age. This inquiry came fully within the exception to the general rule that witnesses cannot give opinions, by which they have been permitted to express opinions on questions of identity as applied to persons, things or handwriting, and to give their judgment as to the size, weight or color of objects, or their estimate of time or distance. As there is much that cannot be reproduced or made palpable to a jury, the witness is in such matters, in the words of Mr. Justice Endicott in *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133, permitted to give the " conclusion of fact to which his judgment, observation and common knowledge has led him in regard to a subject matter which requires no special learning or experiment, but which is within the knowledge of men in general."

*Exceptions overruled.*