AUGUST JACOBI, Respondent, *v.* THE ORDER OF GERMANIA, Appellant.

*Records of a public nature — exemplified copy thereof admissible in evidence.*

If a record is of a public nature, such as the record kept by the pastor of a parish of the birth and baptism of children, an exemplified copy thereof without the production of the original is, and was by the common law, admissible in evidence.

Section 956 of the Code of Civil Procedure does not refer to church records, and section 962 preserves evidence admissible at common law.

APPEAL by the defendant, the Order of Germania, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of May, 1893, upon the verdict of a jury rendered at the Kings County Circuit, and also from an order entered in said clerk's office denying the defendant's motion to set aside the verdict and for a new trial made upon the exceptions taken during the trial.

*Meyer Auerbach* and *Lewis Sanders*, for the appellant.

*Ayres & Walker*, for the respondent.

BARNARD, P. J. :

On the 25th of November, 1889, August Jacobi, Jr., a son of the plaintiff, applied to the defendant to become a member of the order with an intent to make a provision for his father in case of his, the son's, death. No one, by the by-laws of the order, could be admitted as a member who was, at the time of his admission, over fifty years of age. The application stated his age to have been forty-seven on the 18th of February, 1889, and that he was born the 18th of February, 1842. He obtained thereby a contract by which, in consideration of certain yearly payments, $1,000 was to be paid by the defendant to the plaintiff in case of his, the applicant's, death. The defendant avers in its answer that the applicant was born on the 18th of February, 1835, and was consequently over fifty years of age at his admission as a member of the order, and that in consequence of this misrepresentation the policy is void. The proof upon the trial was very conflicting. The father of the plaintiff testified that the deceased son was born in 1842. A brother and sister of the deceased testified to the same fact. The wife of deceased and her mother testified that he was born in 1838, and that he was married under that statement of his age. The defendant offered in evidence a certificate of the marriage of the plaintiff in 1835 and a certificate of the birth of the deceased on the 18th of February, 1838, and his baptism on the 4th of March, 1838. These certificates were proven to have been written in the official records of the church books of Katzhutte, principality of Schwaizburgh, Rudolphstadt.

These records are kept by direction of the supervisor of schools and

churches, and were kept by the pastor of the parish, and have been kept from time immemorial. At the date of the records a Mr. Kuhne was pastor and the records are in his handwriting. The books were delivered by him to his successor as pastor of the parish, the Reverend M. Huke, who testifies to the truth of the record and to the copies from it. The certificates of baptism of the children of the plaintiff, including the deceased son, were made by the pastors Ortloff and Truppel, and are without change or erasure and are admitted to be true copies and admissible if the original record be legal evidence. We think the certificates should have been received. If a record is of a public nature such as this of a church, an exemplified copy of the entries relied on, without production of the original, is admissible. (*Jackson* v. *King*, 5 Cow. 237; *Lewis* v. *Marshall*, 5 Pet. 470.)

The register proves the fact of marriage and the date as recorded. The register of baptisms does not prove when the child was born, except that he was born before the baptism. (*Maxwell* v. *Chapman*, 8 Barb. 579; *Kennedy* v. *Doyle*, 10 Allen, 161; *Whitcher* v. *McLaughlin*, 115 Mass. 167.)

Section 956 of the Code has no bearing upon the question. The section probably does not refer to church records, but section 962 of the Code preserves evidence admissible at common law. Such evidence was admissible at common law. (1 Greenl. Ev. 484; *Lynch* v. *Clerke*, 3 Salk. 154.)

*Bradford* v. *Bradford* (51 N. Y. 670) was decided upon a question of legitimacy. The registers certified too much.

*Fisher* v. *The Mayor* (67 N. Y. 73) referred to the entry made by a private person, and the question decided bears no analogy to a church record.

The judgment and order denying a new trial should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.