## The State of Kansas v. Eli Grubb.

1. Opinion Evidence *as to Age.* After fully stating, as far as practicable, the means of knowledge and the basis of an opinion as to the age of an absent person, any witness should be allowed to give such opinion.

2. Rape—*Res in Re is Essential.* Proof of actual penetration is necessary to support a conviction for rape. "Actual contact of the sexual organs" alone is insufficient; and in this case the jury ought also to have been instructed as to the law of an attempt to commit the crime of rape.

### Appeal from Jackson District Court.

Eli Grubb was convicted of rape, and sentenced to the penitentiary for five years. He appeals. All the material facts are stated in the opinion herein, filed October 5, 1895.

C. F. Hurrell, R. W. Blair, and R. G. Robinson, for appellant.

F. B. Dawes, attorney general, and A. E. Crane, county attorney, for The State.

The opinion of the court was delivered by

MARTIN, C. J. : At March term, 1895, of the district court of Jackson county the defendant was convicted of the crime of rape upon the person of Anna Bleidissel, a female under the age of 18 years, to wit, the age of 16 years and about 2 months, and he was sentenced to the penitentiary for a term of five years.

I. Anna Bleidissel was not present at the trial, and she gave no testimony by deposition or otherwise. Her father and her mother testified that she was born December 26, 1878. The offense was alleged to have been committed February 17, 1895. Some of the witnesses for the state testified in cross-examination that in their opinion she was 18 years of age or more. Several witnesses called for the defense stated the extent of their acquaintance with Anna, described her as to height, weight, and development, and were then asked their opinions as to her age. On objection made by the state, these witnesses were not permitted to give their several opinions as to her age. This was error. After fully stating, as far as practicable, the means of knowledge and the basis of an opinion as to the age of an absent person, any witness should be allowed to give such opinion. ( Lawson, Ex. & Op. Ev. 473 ; Rogers, Ex. Test. 10 ; *Foltz v. The State,* 33 Ind. 215, 217 ; *Benson v. McFadden,* 50 id. 431, 433 ; *K. P. Rly. Co. v. Miller,* 2 Colo. 444 ; *Morse v. The State,* 6 Conn. 9, 13 ; *Porter v. Manufacturing Co.,* 17 id. 249, 257, 258 ; *The State v. Douglass,* 48 Mo. App. 39 ; *Commonwealth v. O'Brien,* 134 Mass. 198, 200 ; *Garner v. The State,* 28 Tex. App. 561, 562 ; *Jones v. The State,* 32 Tex. Cr. App. 108 ; 22 S. W. Rep. 149 ; *Weed v. The State,* 55 Ala. 13, 15.)

In some of the cases this kind of evidence has been

admitted on the same principle that allows the opin-
ions of non-professional witnesses to be given as to the
sanity or mental condition of a person, after first
stating the facts which have come within their ob-
servation. (*Baughman v. Baughman*, 32 Kas. 538, 543.)
The circumstance that Anna's parents had testified
to her age did not render the opinion evidence of
others incompetent.   The jury might not deem the
testimony of the parents worthy of credit.   There are
no degrees of parol evidence.  (1 Best, Ev., § 87.)  And
it is for the jury to judge what weight shall be given
to direct and opinion evidence respectively, both of
which are admissible in proof of the same fact.

II. The court, although using the term "carnal
knowledge" in the fourth instruction to the jury, did
not anywhere define it, but in the fifth seemed to as-
sume that evidence of "actual contact of the sexual
organs" was sufficient to warrant a conviction.   Proof
of actual penetration was necessary, and the jury
ought to have been so informed. (Code, Crim. Proc.,
§ 213 ; *The State v. Frazier*, 54 Kas. 719, 725 ; 2 Bishop,
Crim. Law, § 1127.)   The evidence tended to show
that the defendant and Martin Fish were drunk ; that
Mrs. Fish had also been drinking, and that these three
and Anna were in the rooms occupied by the Fish
family at least a portion, perhaps all, of the night—
the defendant and Anna being in bed together part of
the time.   There was no direct proof of sexual inter-
course.   It was therefore important to instruct the
jury clearly as to the evidence necessary to a con-
viction for rape upon a female under the age of 18
years ; and although the defendant did not ask any
instruction as to the law of an attempt to commit the
crime, yet we think the court ought to have informed
the jury upon the subject. (Code, Crim. Proc., §§ 121,

122, 236; Crimes Act, ¶ 2557, Gen. Stat. of 1889; *In re Lloyd*, 51 Kas. 501.)

Some other questions are suggested, but as they are not likely to arise again, we have considered it unnecessary to decide them.

Judgment reversed, and case remanded for a new trial.

All the Justices concurring. •