(55 App. Div. 471.)

### HARTSHORN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department.   November 20, 1900.)

1. LIFE INSURANCE—APPLICATION—WARRANTY—AGE—BREACH.

Life policies sued on made statements in the application warranties, and entitled the insurance company to declare a forfeiture if they were untrue.  In the applications the insured stated her age at 51, and that she was born in 1846.  The insurance company introduced in evidence a baptismal record made where her parents lived, according to the canons of the Protestant Episcopal Church, which stated that a child having the same name as the insured and parents with the same names as her parents was born in 1837.  According to the undisputed evidence of a granddaughter of insured, if born in 1846 she would have been a grandmother at 27.  *Held*, that the prima facie case established by the baptismal record and other evidence was not overcome by the testimony of a physician, based on an acquaintance of three or four years, that he believed her to be about the age stated in the application, and hence the denial of a motion to direct a verdict in favor of defendant, on the ground of breach of warranty, as to age, was erroneous.

2. OPINION EVIDENCE—AGE—FOUNDATION.

Testimony by a physician that he had known insured, a middle-aged woman, for three or four years, and had made professional calls on the family frequently, but not on her;  that she had black hair, and was a strong active woman,—is not sufficient foundation to render his opinion as to her age admissible.

Appeal from special term, Steuben county.

Action by Charles H. Hartshorn, as administrator of the estate of Hannah M. King, against the Metropolitan Life Insurance Company on two insurance policies.  From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Eugene Van Voorhis, for appellant.
F. J. Nelson, for respondent.

LAUGHLIN, J.   The action was brought by the administrator of Hannah M. King, who died on the 25th day of October, 1898, to recover on two policies of insurance issued by defendant upon her life.   One of the principal defenses interposed and litigated upon the trial was a breach of warranty on the part of the decedent in representing herself to be many years younger than she really was. The first policy, known as an "industrial policy," was issued on the 10th day of May, 1897.   By virtue of its provisions, defendant became obligated, upon satisfactory proof of the death of the assured, occurring more than one year thereafter, provided she fulfilled the conditions precedent, to pay $384 to her administrator, executor, husband, any blood relative, or lawful beneficiary, at its election. In her written application for this policy, made the month it was issued, decedent represented her age to be 52 years at her next birthday, and that she was born on the 6th day of February, 1846.   The other policy was for $500, payable to her lawful representatives, upon satisfactory proof of her death, provided the premiums were

paid as therein required. It was issued on the 19th day of May,. 1897, and in the written application therefor, likewise made that month, she gave her age as 51 years, and February 6, 1846, as the date of her birth.

By the express terms of each contract, the statements contained in the application were made warranties, and it was specially provided that, if any of them were untrue, the policy should become null and void, and all premiums paid thereon should be ·forfeited to the company. Before her death the defendant elected to declare the policies void and forfeited, on account, among other things, of misrepresentations as to her age, and declined to receive further premiums thereon. Upon the trial defendant proved, by the record of baptism kept by the rector of Trinity Church in Saugerties, Ulster county, N. Y., pursuant to the canons of the Protestant Episcopal Church in the United States, that one Hannah Margaret Duboise· was there baptized on the 5th day of February, 1837. It was further shown by the testimony of decedent's sister that the assured's· maiden name was Hannah Margaret Duboise; that they were both born in Saugerties, Ulster county, N. Y.; and that their parents' names corresponded identically with those given in the record of baptism. This record of baptism and testimony constituted prima facie evidence of the identity of decedent with the person thus baptized, and that she was living on the 5th day of February, 1837, which would make her at least 60 years of age at the time she applied for this insurance. Jacobi v. Order of Germania, 73 Hun, 602, 26 N. Y. Supp. 318; Jackson v. King, 5 Cow. 237; Jackson v. Cody,. 9 Cow. 140; Jackson v. Goes, 13 Johns. 518; Hatcher v. Rocheleau,. 18 N. Y. 86; Stebbins v. Duncan, 108 U. S. 32, 2 Sup. Ct. 313, 27 L. Ed. 641; Douglas v. Dakin, 46 Cal. 49; Brown v. Metz, 33 Ill.. 339; Blackburn v. Crawfords, 3 Wall. 189, 18 L. Ed. 186; Derby v.. Salem, 30 Vt. 722; Kabok v. Insurance Co., 4 N. Y. Supp. 718.

The only evidence offered by plaintiff to rebut this presumption was the testimony of Dr. Webster, who examined decedent for the defendant on each of her applications for insurance. He testified that he had known her for three or four years, had made calls in the family professionally, but not upon her, and had called at the· house frequently·to see others, perhaps two or three times a month, for some time; that she had black hair, was a strong, active woman, appeared in good health, and her occupation was that of a housekeeper. He was permitted, under defendant's objection and exception to the evidence as incompetent and immaterial, to testify ·that from his knowledge and acquaintance with her, and the examination he made of her, he formed an opinion, in a general way, as to her age at that time, and he thought the age given (51 or 52 years) was about right. The foregoing is the only description he gave of decedent or of her appearance, and that was not given until after he had been permitted to express his opinion.

We are not satisfied that a sufficient foundation was laid to render this evidence admissible. It is well settled that expert evidence is proper where the age of a child is at issue, and it has often been received concerning the age of an absent adult; but, to entitle such

evidence to any weight, the facts and circumstances upon which the opinion is based should be given, and the witness should first describe, as far as practicable, the appearance of the individual whose age is in question. Abb. Tr. Ev. p. 87; Morse v. State, 6 Conn. 9; State v. Douglass, 48 Mo. App. 39; State v. Bernstein, 99 Iowa, 5, 68 N. W. 442; Com. v. O'Brien, 134 Mass. 198; Elsner v. Supreme Lodge, 98 Mo. 640, 11 S. W. 991; State v. Grubb, 55 Kan. 678, 41 Pac. 951; Walker v. State, 25 Tex. App. 448, 8 S. W. 644.

A granddaughter of decedent was also a witness upon the trial, and according to her testimony, which was undisputed, decedent, if she gave her age correctly in her applications for this insurance, was a grandmother at the age of 27 years, which, although not impossible, would be sufficiently unusual and extraordinary to require further proof than this mere opinion as to her age, before the conclusion that such fact was established by the evidence would be warranted, and the presumption raised by the baptismal record would be fairly overcome. The testimony of Dr. Webster upon the facts disclosed by him was entitled to but little weight upon the question of the exact age of decedent. It is common knowledge that an opinion is ordinarily of but little value as to the real age of a person between the ages of 30 and 60. It appears that better and more satisfactory evidence was attainable. The sister, who, decedent stated in her application, was 2 years older than herself, was in court, and doubtless her testimony would have removed all doubt upon this question. At the close of the evidence, defendant's counsel requested leave to recall her on this point, and the request was denied. While leave to reopen a case rests in the sound discretion of the trial judge, we think, in view of the unsatisfactory state of the evidence upon this vital point in the case, the request should have been granted. But, upon a consideration of the whole case, we are of opinion that the presumption raised by the baptismal record, and other testimony introduced by defendant that decedent was born on or prior to February 5th, 1837, was not overcome by sufficient evidence to take the case to the jury, and that the court erred in denying defendant's motion for the direction of a verdict upon the ground of breach of warranty concerning decedent's age.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur; WILLIAMS, J., in result.