The order appealed from should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted with, ten dollars costs.

---

CHARLES H. HARTSHORN, as Administrator, etc., of HANNAH M. KING, Deceased, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*Insurance — evidence as to the age of the insured — record of baptism — the opinion of a physician held not to prevail as against it.*

In an action upon a life insurance policy, to which the defense is interposed that the insured misstated her age in her application therefor, a record of baptism kept, pursuant to the canons of the Protestant Episcopal Church in the United States, by the rector of the church at Saugerties, where the insured was born, showing that a person bearing the same name as the insured, born of parents whose names were identical with those of the insured, was baptized nine years prior to the time of her birth, as stated in the application for the insurance,

constitutes *prima facie* evidence of the identity of the insured with the person so baptized, and that she was living at the date of the baptism as stated in the record.

Such evidence is not refuted by the testimony of a physician, who states that he had known the insured for three or four years and made calls in the family professionally, but not upon her, describes her appearance, physical condition, state of health and occupation, and alleges that he has formed an opinion in a general way as to her age, and that he thinks that the age given by her in her application for insurance was about right.

APPEAL by the defendant, the Metropolitan Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 23d day of November, 1899; upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of February, 1900; denying the defendant's motion for a new trial made upon the minutes.

*Eugene Van Voorhis*, for the appellant.

*F. J. Nelson*, for the respondent.

LAUGHLIN, J.:

The action was brought by the administrator of Hannah M. King, who died on the 25th day of October, 1898, to recover on two policies of insurance issued by defendant upon her life.

One of the principal defenses interposed and litigated upon the trial was a breach of warranty on the part of the decedent in representing herself to be many years younger than she really was. The first policy, known as an industrial policy, was issued on the 10th day of May, 1897. By virtue of its provisions, defendant became obligated, upon satisfactory proof of the death of the assured, occurring more than one year thereafter, provided she fulfilled the conditions precedent, to pay $384 to her administrator, executor, husband, any blood relative or lawful beneficiary, at its election. In her written application for this policy, made the month it was issued, decedent represented her age to be fifty-two years at her next birthday, and that she was born on the 6th day of February, 1846. The other policy was for $500, payable to her lawful representatives, upon satisfactory proof of her death, provided the premiums were paid as therein required. It was issued on the 19th

day of May, 1897, and in the written application therefor, likewise made that month, she gave her age as fifty-one years, and February 6, 1846, as the date of her birth.

By the express terms of each contract the statements contained in the application were made warranties, and it was specially provided that if any of them were untrue, the policy should become null and void and all premiums paid thereon should be forfeited to the company. Before her death, the defendant elected to declare the policies void and forfeited, on account, among other things, of misrepresentations as to her age, and declined to receive further premiums thereon. Upon the trial defendant proved, by the record of baptisms kept by the rector of Trinity Church in Saugerties, Ulster county, N. Y., pursuant to the canons of the Protestant Episcopal church in the United States, that one Hannah Margaret Duboise was there baptized on the 5th day of February, 1837. It was further shown by the testimony of decedent's sister that the assured's maiden name was Hannah Margaret Duboise; that they were both born in Saugerties, Ulster county, N. Y., and that their parents' names corresponded identically with those given in the record of baptism.

This record of baptism and testimony constituted *prima facie* evidence of the identity of decedent with the person thus baptized and that she was living on the 5th day of February, 1837, which would make her at least sixty years of age at the time she applied for this insurance. (*Jacobi* v. *Order of Germania*, 73 Hun, 602; *Jackson* v. *King*, 5 Cow. 237; *Jackson* v. *Cody*, 9 id. 140; *Jackson* v. *Goes*, 13 Johns. 518; *Hatcher* v. *Rocheleau*, 18 N. Y. 86; *Stebbins* v. *Duncan*, 108 U. S. 32; *Douglas* v. *Dakin*, 46 Cal. 49; *Brown* v. *Metz*, 33 Ill. 339; *Blackburn* v. *Crawfords*, 3 Wall. 189; *Derby* v. *Salem*, 30 Vt. 722; *Kabok* v. *Phœnix Mutual Life Ins. Co.*, 21 N. Y. St. Repr. 203.)

The only evidence offered by plaintiff to rebut this presumption was the testimony of Dr. Webster, who examined decedent for the defendant on each of her applications for insurance. He testified that he had known her for three or four years, had made calls in the family professionally, but not upon her, and had called at the house frequently to see others, perhaps two or three times a month for

some time ; that she had black hair, was a strong active woman, appeared in good health and that her occupation was that of a house-keeper.   He was permitted, under defendant's objection and excep-tion to the evidence as incompetent and immaterial, to testify that from his knowledge and acquaintance with her and the examination he made of her, he formed an opinion in a general way as to her age at that time, and that he thought the age given, fifty-one or fifty-two years, was about right.   The foregoing is the only description he gave of decedent or of her appearance, and that was not given until after he had been permitted to express his opinion.

We are not satisfied that a sufficient foundation was laid to render this evidence admissible.   It is well settled that expert evidence is proper where the age of a child is at issue, and it has often been received concerning the age of an absent adult ; but to entitle such evidence to any weight, the facts and circumstances upon which the opinion is based should be given and the witness should first describe, as far as practicable, the appearance of the individual whose age is in question.   (Abb. Tr. Ev. 87 ; *Morse* v. *State,* 6 Conn. 9 ; *State* v. *Douglass,* 48 Mo. App. 39 ; *State* v. *Bernstein,* 99 Iowa, 5 ; *Commonwealth* v. *O'Brien,* 134 Mass. 198 ; *Elsner* v. *Supreme Lodge K. & L. of H.,* 98 Mo. 640 ; *State* v. *Grubb,* 55 Kans. 678 ; *Walker* v. *State,* 25 Tex. App. 448.)

A granddaughter of decedent was also a witness upon the trial, and, according to her testimony, which was undisputed, decedent, if she gave her age correctly in her applications for this insurance, was a grandmother at the age of twenty-seven years, which, although not impossible, would be sufficiently unusual and extraordinary to require further proof than this mere opinion as to her age before the con-clusion that such fact was established by the evidence would be war-ranted and the presumption raised by the baptismal record would be fairly overcome.

The testimony of Dr. Webster upon the facts disclosed by him was entitled to but little weight upon the question of the exact age of decedent.   It is common knowledge that an opinion is ordinarily of but little value as to the real age of a person between the ages of thirty and sixty.   It appears that better and more satisfactory evi-dence was attainable.   The sister, who decedent stated in her appli-cation was two years older than herself, was in court, and, doubtless,

her testimony would have removed all doubt upon this question. At the close of the evidence defendant's counsel requested leave to recall her on this point, and the request was denied. While leave to reopen a case rests in the sound discretion of the trial judge, we think, in view of the unsatisfactory state of the evidence upon this vital point in the case, the request should have been granted. But, upon a consideration of the whole case, we are of opinion that the presumption raised by the baptismal record and other testimony introduced by defendant that decedent was born on or prior to February 5, 1837, was not overcome by sufficient evidence to take the case to the jury, and that the court erred in denying defendant's motion for the direction of a verdict upon the ground of a breach of warranty concerning decedent's age.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

All concurred, WILLIAMS, J., concurring in result only.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.