THE STATE *ex rel.* PETTIS COUNTY V. THE UNION TRUST
COMPANY *et al. Appellants.*

**Taxation of Railroad Property.** Under the act of 1875, provid-
ing for the assessment of railroad property and the collection of
taxes thereon, (Acts 1875, p. 120,) railroad companies were liable to
pay taxes for the year 1876, on their property owned August 1st,
1876, at the same rates as were levied on all other property in the
State owned August 1st, 1876, for the year 1877. They could not be
assessed at the rates imposed upon other property for taxes of 1876.

*Appeal from Pettis Circuit Court.*—HON. W. T. WOOD,
Judge.

*John Montgomery, Jr.,* for appellants.

*Geo. P. B. Jackson* for respondent.

NORTON, J.—This is an action commenced in the Pettis
circuit court for the recovery of taxes levied upon the
property of defendants. The petition alleges that there
was duly assessed against the property of defendants certain
taxes for the year 1876, and that $2,681.99 (being the
amount of certain levies to pay the interest on railroad in-
debtedness) remains due and unpaid, and asks judgment
for that sum, with interest and penalties. The answer denies
the averments of the petition. Upon a trial of the case
judgment was rendered for plaintiff, from which defend-
ants after motion for new trial, have appealed to this
court.

The cause was tried upon an agreed statement of facts
substantially as follows: That the defendants did, on the
1st day of January, 1877, make return for taxation of all
property owned by them in the State on the 1st day of
August preceding, in accordance with the requirements of
sections 1, 2 and 3, of the act of March 15th, 1875, (Laws
1875, p. 120;) that the State Board of Equalization met
on the second Tuesday of May, 1877, for the purpose of
assessing railroad property, and upon the returns, certifi-

cates and statements required by section 4 of the act above referred to, which were before them, they assessed the property of defendants and fixed the valuation thereof, distributing this valuation among the counties through which the railway runs, and designating the value of that in Pettis county at a certain sum, which was certified down to the county court of Pettis county by the State auditor, as required further by said act; that prior to all this, at the time required by law, in the year 1876, the county court of Pettis county levied certain rates of taxes, which were extended upon all property other than railroad property, which had been returned for taxation on the 1st day of August, 1875, for assessment for the taxes of 1876, which levy included certain rates to pay interest upon railroad indebtedness; that the county court, at the time required by law in 1877, levied certain rates of taxes, which were extended upon all property other than railroad property, which had been returned for taxation on the 1st day of August preceding, for assessment for taxes of 1877; that in this levy no rate was included to pay any tax upon railroad indebtedness; that the county court of Pettis county, in 1877, and immediately after receiving the certificate from the State auditor of the valuation placed upon the property of defendants, at their May session in 1877, as above stated, levied upon this valuation the same rates of taxes as they had levied in 1876 upon all other property returned for valuation and assessment on the 1st day of August preceding, or August 1st, 1875. This levy included, as above stated, certain rates to pay interest upon railroad indebtedness, and this was the only difference which existed between the rates levied by them in 1876 and 1877.

The defendants contend that the court should have levied upon the railway property the rates levied upon all other property in 1877, and refused to pay the excess as made by the difference in the two levies. The only question presented in the case is: What rate of tax was it proper for the county court of Pettis county, to levy upon

the property of defendants returned January 1st, 1877, and assessed by the State Board of Equalization at its session in May, 1877? It is contended by defendants that the county court should have levied the rate levied upon all other property for the year 1877; while the plaintiff insists that the rate which was levied upon all other property for the year 1876, was properly levied on defendants' property. The question is to be solved by the act of 1873, p. 63, which provides for the assessment of railroad property and the collection of taxes thereon, and the act of March 15th, 1875, amendatory of the act of 1873 (Acts 1875, p. 120). Section 2, of the act of 1875, required the various railroads subject to taxation, through their presidents or other chief officers, to make a statement and return of their property, on or before the 1st day of January of each year, setting forth the amount and value thereof on the 1st day of August of the preceding year. Section 7 requires the State Board of Equalization to meet on the second Monday in May in each year, and from the statements and other evidence, they are required to assess, adjust and equalize the aggregate valuation of said roads. After said board has completed its work, section 11 makes it the duty of the State auditor to certify the action of the board to the clerks of the county courts of the proper counties, setting forth the description, location and valuation of all railroad property in such county as the same was assessed, equalized and apportioned by said board to such county and the various townships, cities, and incorporated towns therein, and also the amount of taxes due the State upon such railroad property in such county. Section 12 provides as follows: "it shall be the duty of each city council and board of trustees of each incorporated town in which any part of a railroad or the property appertaining thereto is situated, to certify in the month of May to the county clerk the rate per cent. levied by such city or incorporated town on all property for municipal purposes for the year preceding. The county court, upon

30—63

receipt from the auditor of the certificate of the action of said board, shall immediately ascertain and levy the taxes for State, county, and municipal township, city and incorporated town and school purposes, on the railroad and the property thereof in such county, municipal township, city and incorporated town at the same rate as may be levied on other property; and the clerk of the county court shall, within ten days thereafter, certify to the secretary, or other chief managing officer in this State, of the proper railroad company the amount of taxes so levied for State, county, municipal township, city, incorporated town, and school purposes: specifying separately the rate and amount of State, county, municipal township, city, incorporated town and school taxes for the year for which said railroad property was assessed."

It is clear from the agreed statement of facts that the board of equalization which met in May, 1877, assessed, adjusted and equalized the valuation of the property owned by defendant on the 1st day of August, 1876, as returned by the statement made on the 1st day of January, 1877. It is equally clear from section 12, *supra*, that the county court of Pettis county, in acting upon the certificate of the State auditor as to the action of the board of equalization in assessing defendants' property, was only authorized, in levying taxes thereon, to apply or extend "the same rate as may be levied on all other property." It, therefore, follows that the rate of taxes levied for 1877, on all other property should have been extended as the rate properly chargeable on the property of defendants. Under the general revenue law all property owned by individuals on the 1st day of August, each year, is required to be returned for taxation, and the taxing year runs from the 1st of August of one year to the 1st of August the next; or, in other words, the tax imposed on the valuation of property owned on the 1st day of August, 1876, is designated as the tax of 1877, and is required to be paid in the year 1877. As this is the rule in regard to the rate of

taxes levied upon all other property, it necessarily follows, under the express terms of the act of 1875, that it should have been applied to the property of defendant owned on the 1st day of August, 1876. We fail to perceive anything in the law providing for the assessment and collection of taxes on railroad property which would authorize county courts, in levying a tax on such property owned by a railroad company on the 1st day of August, 1876, to levy a rate of taxation for the year 1876, and imposed on all other property owned by others on the 1st day of August, 1875. On the contrary the statute expressly requires that the " same rate of taxes shall be levied on railroad property as may be levied on all other property." Sec. 12, Acts 1875, *supra*.

We have not deemed it necessary to consider either the Acts of 1871, 1874 or 1877, relating to the assessment and collection of taxes on railroad property to which our attention has been called by counsel, nor to discuss the question as to whether the railroad companies have or not escaped one year's taxation by reason of the various changes which have been made in the laws upon that subject. In the consideration of the question which the record presents, we have confined ourselves to the act of 1875, as that alone bears upon it, and by the terms of it we are forced to the conclusion indicated. It is true as contended that under this construction defendant will escape the payment of the special tax of 1876 imposed for the purpose of paying interest on the county debt, which the agreed statement of facts shows was paid for that year on all other property. While this is true we are powerless to remedy the wrong. The corrective must be afforded by the general assembly, if the act of 1877 is not full enough to embrace the case. We are therefore of the opinion that the instruction asked by defendants to the effect that the county court of Pettis county had no authority to levy the rate of tax for 1876 upon the valuation and assessment made by the board of equalization of railroad property

at its session in 1877, and that such levy was void, should have been given. For the action of the court in refusing to give it, the judgment is reversed and cause remanded, in which all concur except JUDGE HENRY, who expresses no opinion.

REVERSED.