State of Missouri, Respondent, v. Samuel Greene, Appellant.

Kansas City Court of Appeals, November 7, 1887.

Druggist—Indictment,Against—Proof Required.—In an indictment, under the act of 1881 (Laws Mo. p. 130), against a person as a druggist, where the act describes a druggist as one who is registered as such, in order to convict, the state must prove that he was so registered. Being a druggist is not a matter of defence, in such a case, but it is a part of the state's case that he is a druggist, and, as such, has violated the law.

Appeal from Saline Criminal Court, Hon. John E. Ryland, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

. Davis & Wingfield and D. D. Duggins, for the appellant.

I. Appellant contends that the indictment charges two offences in the same count; one for selling intoxicating liquors as druggists and pharmacists without a prescription, and second for selling intoxicating liquors without a license, and for this reason the motion in arrest should have been sustained.

II. There was no legal competent evidence tending to prove that the appellant and Parsons were regularly registered druggists or pharmacists, under the act regulating the sales of medicines and poisons by druggists and pharmacists. *State v. Marchand*, 25 Mo. App. 657.

III. There was no evidence of any kind against the appellant that he sold or gave away any intoxicating liquor, or that he was present, or had any knowledge of any sale.

IV.   There can be no such thing as partnership in crime.

V.   Under all the evidence the court should have instructed the appellant not guilty, and not to do so was error.

No brief for the respondent.

ELLISON, J.—This is a prosecution against defendant as a druggist.   He was convicted below and appeals. The indictment upon which the prosecution was founded was against this defendant and William Parsons, who the evidence shows was Greene's partner in the drug business.   The defendant, as stated, is indicted as a druggist.   A druggist, under the provisions of the acts of 1881, page 130, is one who is registered as such.   *State v. Roller*, 77 Mo. 120, 128.   In order to convict defendant, the state should prove he was so registerd.   The reason is obvious.   He is indicted as being of a special calling and violating the law as such.   The law which makes the offence and declares the punishment, defines who may be the offender.   He is not indicted for selling liquor without a license, but for violating the law as to druggists and pharmacists.   Being a druggist is not a matter of defence under this indictment, of which the *onus* to prove would be on defendant, but it is a part of the state's case that he is a druggist, and, as such, has violated the law in that regard.   This the state must prove.   The *State v. Marchand* (25 Mo. App. 657), a case decided by the St. Louis Court of Appeals, is an authority for the position we take, though it will be seen from what has been said above, that we differ from that court in regard to the law of 1883, having reference to a druggist "as that term is defined by section 5473 of the Revised Statutes of 1879;" that is, to one "who shall have or maintain a store, and shall have complied with the law relating to merchants' licenses."   Section 5473, Revised Statutes, together with the entire chapter

in which it is contained, was repealed by the druggists' law of 1881, page 130. *State v. Roller, supra; State v. Scott,* 20 Mo. App. 418. The act of 1883 (Laws 1883, p. 89), did not reënact section 5473, or any part of the chapter. *State v. Scott, supra.* Consequently, the law of 1883 could not have referred to a druggist, as defined by that chapter, but rather to the druggist, as defined in the law of 1881, of which the law of 1883 is an amendment. We deem it proper to call attention to this matter, as proof of a druggist under the provision found in the General Statutes will not suffice to prove a druggist under the laws of 1881 and 1883. In the case before us, there was no proof that defendant was a druggist as defined by the laws of 1881 and 1883. The objection made to the indictment we consider was properly overruled.

The judgment, with the concurrence of the other judges, is reversed and the cause remanded.