MORRISON v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Constitutional Law:** AMENDMENT OF STATUTES. Section 34 of article 4 of the constitution of 1875 does not require that an amendatory act should state that certain words of a specific section are stricken out and others inserted, and then set out in full the section as amended. It is sufficient if the section as amended, be set out in full.

2. ———: ———: ACT OF APRIL 14, 1877. Section 3 of the act of April 14, 1877 (Acts of 1877, p. 362), amendatory of the act of March 15, 1875, conforms to the above requirement and is constitutional.

3. **Taxes:** CLERK'S STATEMENT NOT VOID WHEN. The statement of a county clerk, issued by virtue of the act of April 14, 1877 (Acts of 1877, p. 362), is not void because the tax is designated a delinquent tax of 1875 instead of 1876, it appearing that the proper tax had been levied, for the proper period of time.

4. ———: CLERK'S STATEMENT UNDER ACT OF 1877: RETURN TO MAY BE AMENDED. The statement of a county clerk issued by virtue of the act of April 14, 1877 (Acts of 1877, p. 362), is, in effect, an execution. The return to such writ may be amended, and that, too, by the officer who made the return, after the expiration of his term of office.

5. ———: ———: COLLECTING PENALTY. A sale under a statement of a county clerk issued by virtue of the act of April 14, 1877 (Laws of 1877, p. 362), which included a penalty for the non-payment of a tax, *held* good against the objection that a ministerial officer cannot impose a penalty, it appearing that, at the sale, only a portion of the principal debt was realized.

Morrison v. The St. Louis, I. M. & S. Ry. Co.

*On rehearing.*

6. —————: LEGAL AND ILLEGAL. Where part of a tax is legal and part illegal, the legal part will be sustained if the parts are capable of being distinguished.

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

AFFIRMED.

*Bennett Pike* for appellant.

(1) The alleged statement of taxes by the county clerk of Wayne county, under and by virtue of which the sale of the engine in controversy took place, was illegal and void and conferred no authority upon the collector of said county to sell the said engine, and the admission of the same evidence by the court below was erroneous. (*a*) Because section 3 of the act of April 14, 1877, was not enacted in accordance with section 34 of the fourth article of the constitution. Laws 1877, p. 362; Laws 1875, p. 124; *Bridge Co. v. Olmstead*, 41 Ala. 9, *et seq.* (*b*) Said statement was invalid because the rate of taxes levied for the years therein mentioned, was void. *State ex rel. v. Trust Co.*, 68 Mo. 463. (*c*) Said statement was void because it showed no legal levy thereon, by said collector in his return of his proceedings thereunder. (*d*) Said statement was invalid, as final process in the hands of said collector of the said delinquent taxes and penalties, as said section 3 of the act of 1877 could not and did not confer any authority upon said collector to impose or enforce penalties in addition to said taxes by virtue of said statement. *Scammon v. Chicago*, 44 Ill. 269, 278. (2) If said statement issued by the county clerk of Wayne county was regular on its face, yet if it was invalid in fact,—a seizure and sale of personal property under and by virtue thereof could not become the foundation of a right to or of property in any one.

Cooley on Tax. 563; *Earl v. Camp*, 16 Wend. 562; *Beach v. Botsford*, 2 Doug. [Mich.] 199; *Leroy v. East Saginaw*, 18 Mich. 239.

*Frank M. Estes* and *Dinning & Byrns* for respondents.

(1) The precept of the clerk was valid. (2) The county court had power to grant leave to the collector to make an amended return. *Kitchen v. Reinsky*, 42 Mo. 427; *Wright's Appeal*, 25 Pa. 373; *Dunn v. Rodgers*, 43 Ill. 260. (3) The purchaser at a sale acquires title, whether a return by the officer be made or not. Freeman on Ex., section 341; *Buchanan v. Tracy*, 45 Mo. 437. (4) Section 3 of the act of April 14, 1877, is constitutional. *Mayor v. Trigg*, 46 Mo. 288; *State v. Chambers*, 70 Mo. 626. (5) It is the policy of the law to uphold judicial sales. *Hewitt v. Weatherby*, 57 Mo. 276; *Jones v. Manley*, 58 Mo. 559; *Reegle v. Webster*, 55 Mo. 246.

BLACK, J.—The plaintiff recovered a judgment against the defendant, for five thousand dollars for converting a locomotive engine, the property of the plaintiff, to its own use, and the defendant appealed.

The record shows that on the seventh of December, 1877, the clerk of the county court of Wayne county made out and delivered to the collector of the county a statement of delinquent taxes due by the defendant for the years 1875 and 1876. By virtue of this statement the collector levied upon and sold the engine at public vendue to the plaintiff for two hundred dollars. The sale was made on the twenty-fourth of December, 1877, and on the second of January, 1878, the defendant paid the collector an additional sum of $6934.46. The collector made return of his proceedings on the statement. Afterwards, and in August, 1883, he procured of the county court leave to, and pursuant thereto,

amended his return by stating in more detail the facts relating to the levy upon and sale of the engine.

No instructions were asked or given on the trial of this cause and the questions presented for our consideration relate to the validity of the process by which the collector sold the engine.

It may be stated here as a part of the history of this case, that the taxes. for 1875 were readjusted by the county court within ten days after they were first levied, on motion of the defendant, and the record of that court recites that defendant's attorney accepted said readjustment. After the sale and the credit of the payment made by the defendant, there still remained a considerable sum due to the county, according to the statement issued by the county clerk to the collector ; and in a suit by the county to recover this balance, there was a finding and judgment for defendant. The plaintiff was no party to that suit and he is, therefore, in no way affected by the result.

1. The clerk's statement, by virtue of which the collector sold the engine, was made out by authority of section 3 of the act of April 14, 1877 (Acts of 1877, p. 362 ), and the first contention is, that that act does not comply with section 34 of article 4 of the constitution, and is, therefore, void. The constitution provides : " No act shall be amended by providing that designated words thereof be stricken out, or that designated words be inserted, or that designated words be stricken out and others inserted in lieu thereof ; but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together with the act or section amended, shall be set forth in full as amended."

The act of 1877 purports to amend sections 7, 10 and 17 of the act of March 15, 1875. The third section of the amendatory act says : " Section 3. Section 17 of said act is hereby amended so as to read as follows :" The

whole section, as amended, is then set out in full. Under this constitutional provision, it is quite common for the legislature to first state that certain words of a specific section are stricken out and others inserted, and then set out in full the section as amended, but the constitution makes no such requirement. In former times, a practice had grown up of amending an act, or a section of an act, simply by saying that designated words were stricken out, or that they were stricken out and others inserted, leaving it to the reader to examine both acts and make the erasure and substitution. This practice the constitution prohibits, and when a section of an existing statute is amended, the sections, as amended, must be set out in full ; nothing more is required. In the present case the section as amended, is set out in full in strict compliance with the constitution, and so we have before held. *State v. Chambers*, 70 Mo. 626.

2. The next point made is that the taxes charged as being delinquent for the years 1875 and 1876 were levied for the wrong years ; that the levies should have been those made on other property for what in general is known as the tax years 1876 and 1877. This objection was made and overruled when the clerk's statement or precept was offered in evidence, but it will be considered in the light of the other evidence, and it will only be necessary to consider the year 1875, for the considerations which apply to one year apply to the other.

The precept sets forth the delinquent taxes owing by the defendant, "for the year 1875," giving the amounts due to the several funds, and then states : "That the total amount of delinquent taxes remaining due and unpaid, from said company to said funds of said county for said year 1875, is $5,417.50."

The records of the state board of equalization show that the board met May 9, 1876, pursuant to the act of March 15, 1875, and by authority of section 18, article 10, of the constitution of the state of Missouri, for the

purpose of assessing, adjusting and equalizing the valuation of the railroad property in this state for the year 1875, and that it assessed the property owned by defendant on the first day of August, 1875. On the twentieth of January, 1876, the state auditor certified this assessment of railroad property to the clerk of the county court, and, in his certificate, he shows that it is an assessment of property owned by defendant on the first of August, 1875, and he calls it an assessment and equalization in the year 1876 for the year 1875. On the seventeenth day of August, 1876, the county court levied the county taxes on the valuation thus certified to its clerk by the state auditor, and it is denominated in the order, the taxes for the year 1875. It is plain to be seen that the taxes thus levied are for the tax year from August 1, 1875, to August 1, 1876.

Now the rate of the different taxes thus levied on railroad property seems to be the same as that levied by the county court on property, real and personal, other than railroad property, by an order made on the twenty-sixth of May, 1876, and which are designated in the order as the taxes for the year 1876. It is manifest that this levy on property other than railroad property was made upon the assessment for the year beginning August 1, 1875, and extending to August 1, 1876.

From all this, it will be seen that the taxes levied on all property for the year beginning August 1, 1875, is the same. In general, and as to the property of individuals, it is denominated the tax of 1876. As to railroad taxes, or taxes assessed upon railroad property, it is called the tax of 1875. In both cases it is the same tax for the same period of time. In both cases the tax year begins on the first of August, and, as heretofore held, the taxes upon railroad property for the year beginning August 1, 1875, should be the same as those levied upon other property for the same period of time. *State ex rel. v. Union Trust Co.*, 68 Mo. 463; *State ex rel. v. Railroad*, 92 Mo. 137. The proper taxes having

been levied for the proper period of time, and this appearing from the record, it can make no difference that the tax in question is called the delinquent tax of 1875 instead of 1876. The act of 1875 (Acts, 1875, p. 120), by which the railroad property was assessed and the assessment certified to the county court, does not say whether the tax shall be known by the calendar year, the latter part of which constitutes the first part of the tax year, or by the calendar year, a part of which constitutes the latter part of the tax year. The county court followed the designation used by the state board of equalization and the state auditor. The proper tax having been levied for the proper period of time, the clerk's statement is not void because the tax is designated a delinquent tax of 1875 instead of 1876. What has been said in respect to the tax of 1875 applies with equal force to the tax of 1876.

3. It is further insisted that the collector's sale of the engine conferred no title upon the plaintiff because the return made to the clerk's statement showed no legal levy. This contention is made on the supposition that the first return is defective, and that the amended return was made without authority of law. For the purpose of this case let it be conceded that the first return is defective. The statement issued by the clerk of the county court is in effect an execution, and it is made the duty of the collector to make return thereof, with his action thereunder, within sixty days from the receipt thereof. The clerk may renew it, or issue an *alias* statement. Acts of 1877, sec. 3, p. 362. The clerk of the county court issues this process from the records of the court, and we entertain no doubt but the court has the same power over it that other courts have over executions issued by the clerks thereof. The return to such writs may be amended and that, too, by the officer who made the return, after the expiration of his term of office, and the same rules apply in respect to

this statement.    The amended return was, therefore, made by authority of law, and it being good in the respect under consideration, we need not say what would have been the result had there been a defective return only, or no return at all.

4.    The third section of the act of 1877, before cited, provides that if the railroad company does not pay the taxes on or before the first of December, it shall forfeit and pay a penalty of two and one-half per cent. per month, and it is made the duty of the collector to collect the penalty.    The claim made is that the statement issued by the clerk is void, because a ministerial officer cannot impose a penalty.    Ministerial officers, charged with the collection of taxes, may be authorized and required to collect a reasonable interest and the costs and expenses occasioned by the delay to pay the tax when due ; but whether the collector could collect this two and one-half per cent. denominated as penalty by the statute, we do not say, for it is not necessary to a disposition of this case.    It does not appear that the collector claimed or attempted to collect the penalty.    The writ, in any view of the case, authorized him to collect the principal of the tax then delinquent, and for that he had a right to seize and sell the property of the defendant.    There is no finding that the defendant tendered to the collector the taxes due, and the property sold but for a small portion of the principal of the taxes. The writ, in any event, gave the officer authority to collect the principal of the delinquent taxes, and even if he could not collect the penalty, a proposition which we do not affirm, his sale of property must be held to be valid until he had realized the amount which he had a right to collect, no tender having been made.

It results from what has been said that the judgment should be affirmed.    RAY, J., absent. _ SHERWOOD, J., took no part in the disposition of this case.    The other judges concur.

## On rehearing.

BLACK, J.—We have reëxamined the record, regardless of the abstracts, and find these to be the facts as to the levies : Taxes were levied by the county court upon the assessment of the property of the railroad company on the seventeenth of August, 1876, and readjusted on the twenty-sixth of that month on the motion of this defendant.   Taxes were levied on the twenty-sixth of May, 1876, against other property.   Both of these levies are for the same period of time, namely, from August, 1875, to August, 1876, and the rate of taxation is precisely the same in both cases.

As to the taxes levied for the year from August, 1876, to August, 1877, there is this difference and this only in the levies.   On property in general the levy for county interest is ten cents on the hundred dollars valuation, while as to the defendant's property the levy for the same purpose is thirty cents on the hundred dollars valuation.   The levy on property in general for the county sinking fund is thirty cents on the hundred dollars valuation, while the levy for the same purpose on the defendant's property is forty cents on the hundred dollars valuation.   The five other items are the same as to property in general and the defendant's property.

The statement issued by the clerk, which is made, in effect, an execution, is valid on its face, and would certainly be a perfect protection to the officer who executes it.   Again, the law is well settled that where part of a tax is legal and part is illegal, the legal part will be sustained if the parts are capable of being distinguished.   2 Desty on Taxation, sec. 118 ; Cooley on Taxation, 295-6.   Now in this case the entire tax for 1875 is separately stated and set forth in the writ, both as to the items and as to the aggregate amount.   The various items of the tax for 1876 are also separately stated in the writ, so that these two excessive levies are readily and easily distinguished from the other

items for that year. The execution is therefore not void ; on the contrary, it was a perfectly valid writ, for all the tax of 1875, and the taxes of 1876, lest it be the two items in which there is an excessive levy.

The motion for a rehearing is overruled. RAY, J., absent. SHERWOOD, J.; not sitting ; the other judges concur.