## THE STATE v. HENDRIX, *Appellant.*

1. **Constitutional Law :** AMENDMENT OF STATUTE. Section 34, of article 4, of the constitution of 1875, does not forbid the amendment of an act by the passage of an act adding new sections to the amended act, and any section of a statute may be amended, provided it be fully set forth, as amended, in the amendatory act. (*State v. Thruston*, 92 Mo. 325, *affirmed.*)

2. ———— : ———— : ACT OF MARCH 29, 1883. The second section of the act of March 29, 1883, known as the " druggist's law," comes within the above rule and is constitutional.

3. **Druggist, Sale of Intoxicating Liquor by :** PRESCRIPTION. Under section 2, of the act of March 29, 1883 (Acts, p. 89) it is the prescription of a registered physician alone that authorizes a druggist to sell intoxicating liquor.

4. **Registration of Druggists :** EVIDENCE. A copy of the duplicate of the registration by the state board of pharmacy of the persons to whom they issue certificates and the date thereof, filed in the office of secretary of state, is competent evidence that one is a registered pharmacist.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Rush & Rush* for appellants.

*B. G. Boone*, Attorney General, for the State.

(1) There is no merit in appellant's complaint that the act of March 29, 1883, amendatory of the act of March 26, 1881, is unconstitutional because the amendatory act does not set forth, in full, the act amended. Acts, 1883, p. 89 ; Acts, 1881, p. 130. Any section of a statute may be amended provided it be fully set forth. Sec. 34, art. 4, Const. 1875 ; *State v. Thruston*, 92 Mo. 325. (2) It was not necessary to set forth the name or names in the indictment of the person or persons to whom liquor was sold. *State v. Ladd*, 15 Mo. 430; *State v. Miller*, 24 Mo. 532 ; *State v. Fanning*, 38 Mo. 359.

BLACK, J.—The defendant, was indicted, tried and fined in the sum of one hundred dollars for selling intoxicating liquor as a pharmacist without a prescription therefor from a physician, etc.

1.  The case is here by reason of the question made that the second section of the act of March 29, 1883, ( Acts of 1883, p. 89 ) is in conflict with section 34 of article 4 of the constitution, and therefore void. The question thus made is ruled against appellant on the authority of *State v. Thruston*, 92 Mo. 325. See also *Morrison v. Railroad*, 96 Mo. 602.

2.  The witness Gibson having testified that he purchased from the defendant four ounces of whiskey, it was proposed to show, on cross-examination, that he called for it and that is was sold to him for and to be used as a medicine. There was no error in excluding this proposed evidence, for it is the prescription of a registered physician alone that satisfies the law. Acts of 1883, p. 89, sec. 2.

3.  Section 4 of the act of March 26, 1881 (Acts of 1881, p. 130) makes it the duty of the board of pharmacy

to register the names and places of residence of all persons to whom they issue certificates and the dates thereof, and a duplicate copy of this registration book is filed in the office of the secretary of state. Copies of this registration, under the seal of the secretary of state, are competent evidence ; for the registration book thus filed in his office comes within the provisions of Revised Statutes, 1879, section 2280. There was, therefore, no error in admitting the certified copy in evidence.

There is no merit in this appeal and the judgment is affirmed. All concur.