THE STATE OF MISSOURI, Respondent, v. J. R. DOUGLASS, Appellant.

### Kansas City Court of Appeals, February 8, 1892.

1. **Criminal Procedure:** SELLING LIQUOR TO MINOR: ALLEGATA ET PROBATA. Where an indictment for selling liquor to a minor charges the defendant with "being then and there a dramshop keeper," the proof must show him to be such, and a failure to make such showing will be fatal to the prosecution. ·

2. **Evidence:** SELLING LIQUOR TO MINOR: AGE: APPEARANCE: OPINION. In a prosecution for selling liquor to a minor the age of a minor may be shown by the witnesses first describing the appearance of the person and then giving their opinion of his age.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*Parkinson & Graves,* for appellant.

(1) The demurrer to the testimony offered at the close of the state's case · should have been sustained. Defendant was prosecuted as a dramshop keeper, and there was no evidence showing or tending to show that he was a dramshop keeper, as that term is defined by Revised Statutes, 1889, section 4569. *Harris v. Woody,* 9 Mo. 113; *Lee v. Davis,* 11 Mo. 114; *Emmerson v. Sturgeon,* 18 Mo. 170; *Callahan v. Warne,* 40 Mo. 131; *Clark's Adm'x v. Railroad,* 46 Mo. 217; 2 Thompson on Trials, secs. 2242, 2243, 2244, 2267, 2268; *State v. Heckler,* 81 Mo. 417; *State v. Marchand,* 25 Mo. App. 657; *State v. Greene,* 27 Mo. App. 626; *State v. Baker,* 36 Mo. App. 58; *State v. Quinn,* 40 Mo. App. 627; *State v. Hendricks,* 98 Mo. 374. There was no evidence tending to show that Morley Francis, whose minority the state attempted to show, was the same person

mentioned in the information, viz., M. D. Francis to whom the sale is charged to have been made. This is not of the essence of the crime in the offense of simply selling liquor without license; but it is in the case of selling to a minor, and a failure to show this identity leaves out a link of the state's testimony, and makes the demurrer good. *Blumenburg v. State*, 55 Miss. 528, cited in 3 Amer. Crim. Rep. 284. (3) The testimony on the question of the age of Morley Francis, as given by witness R. G. Hartwell, was incompetent and purely and clearly hearsay, and should not have been admitted under the circumstances and showing made. There was a better way of proving age, and the state should have produced the best evidence or reasonably accounted for its absence. *Ins. Co. v. Schenk*, 94 U. S. 593; 1 Greenl. Ev. [13 Ed.] secs. 103, 104; 1 Phillips on Evidence [Cowen & Hill's and Edwards' notes] p. 215, note 98; *Kidney v. Cockburn*, 2 R. & M. 168.

No brief for respondent.

ELLISON, J.—Defendant was convicted in the circuit court of Bates county on an information charging that he, "being then and there a dramshop keeper," did unlawfully sell intoxicating liquors to a minor without written permission, etc.

Revised Statutes, 1889, section 4569, define a dramshop keeper as "a person permitted by law, being licensed according to the provisions of this article, to sell intoxicating liquors in any quantity not exceeding ten gallons." Section 4588 of the same statute provides that "Every dramshop or wine and beer-housekeeper, or any other person, who shall sell intoxicating liquors to a minor without written consent of the parent," etc., shall be liable to a conviction. The section further provides that if the offense be committed by a dramshop or wine and beer-housekeeper he shall

in addition to the civil penalty be guilty of a misdemeanor and fined. It thus appears that the statute has divided those who sell intoxicating liquors to a minor into three classes, viz., "dramshop keepers," "wine and beer-house keepers," and "any other person." The two first classes are liable to both the civil and criminal penalty and the third to only the civil penalty. From these sections of the same enactment it is clear that the legislature has intended to legislate against a dramshop keeper as such, and that the dramshop keeper named in section 4588 is the dramshop keeper defined in section 4569. Therefore, when a prosecution is commenced under section 4588, wherein the indictment or information charges that the accused is a dramshop keeper the proofs must sustain the charge by showing him to be such as is defined in section 4569 ; that is, that he is licensed as such. We have held that when one is indicted *as a druggist* the state should prove him to be a druggist as defined by the druggists and pharmacists' law. *State v. Green*, 27 Mo. App. 626. See, also, *State v. Hendricks*, 98 Mo. 374, as well as *State v. Heckler* 81 Mo. 417. There was no evidence which we consider tended to prove the defendant to be a dramshop keeper as herein indicated, and for this the demurrer to the testimony should have been sustained.

II. The age of the alleged minor may be proven by witnesses first describing the appearance of the person and then giving their opinion of his age. *Benson v. McFadden*, 50 Ind. 431 ; *Commonwealth v. O'Brien*, 134 Mass. 198. In the latter case a witness stated that on a certain day a female of youthful appearance and in stature about as high as an ordinary man's shoulder, clad in a hat, shawl and short dress reaching to the knee, entered the place of business of defendant and purchased of him some ale. After so testifying, he was asked: "What in your opinion was the age of this girl?" and answered "not over thirteen years of age." The question and answer were decided to be proper.

On another trial it ought to be an easy matter to show that the Francis spoken of by the witness was the minor referred to in the information. The judgment is reversed, and the cause is remanded. All concur.