ALVIN P. MASTERSON, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, April 4, 1892.

Contributory Negligence: "STOP": "LOOK AND LISTEN": JURY QUESTION. Though the injury and defendant's negligence are conceded and the testimony strongly preponderates against plaintiff on his contributory negligence, yet, if the plaintiff testifies that before crossing the track he slowed up his buggy till it did not prevent his hearing all he could have heard if he had come to a full stop, the case should go to the jury.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Samuel Hardwicke* and *Claude Hardwicke*, for appellant.

It is contended that, because plaintiff did not "stop and look and listen," he cannot recover in this case. The following are some of the cases in this state which are relied on for that doctrine: *Fletcher v. Railroad*, 64 Mo. 484; *Harlan v. Railroad*, 65 Mo. 22; *Henze v. Railroad*, 71 Mo. 636; *Purl v. Railroad*, 72 Mo. 168; *Turner v. Railroad*, 74 Mo. 602; *Hixson v. Railroad*, 80 Mo. 335; *Donohue v. Railroad*, 91 Mo. 357, and other cases. There is no question that the company was negligent in moving the train without ringing the bell or sounding the whistle. But it is contended that as the plaintiff was negligent in not stopping, that negligence defeats his recovery in this case. But, in order to defeat his recovery, that injury must have been caused by his negligence. This is distinctly recognized in all the Missouri cases cited. *Engenheim v. Railroad*, 66 Mich. 158; 33 N. W. Rep. 161; *Dolan v. Canal Co.*, 71 N. Y. 285.

*M. A. Lowe, W. F. Evans* and *Thos. E. Turney,* for respondent.

The undisputed evidence shows that the plaintiff approached the place of the collision without the exercise of any care or prudence, and that the collision was caused by his own negligence and want of care. If his view of the track and train was obstructed, he should have exercised the increased care demanded by the situation. The precautions necessary in a given case to avoid injury depend largely upon the hazards of the situation. If the view is obstructed, the necessity for exercising the sense of hearing is thereby increased. *Kelly v. Railroad,* 88 Mo. 534, 546; *Henze v. Railroad,* 71 Mo. 636, 640; *Turner v. Railroad,* 74 Mo. 602; *Fletcher v. Railroad,* 64 Mo. 484.

ELLISON, J.—Plaintiff sues for injury to his horse, buggy and harness. A demurrer to his testimony was sustained and he comes here for relief.

From the record presented we have concluded that the trial court erred in taking the case from the jury. There is strong testimony showing contributory negligence, but *all* the testimony is not of that kind. If the testimony of plaintiff himself is to be believed, he should recover. He states that before crossing the tracks he checked his horse to a slow gait; that he looked and listened; that, while he did not stop his team, yet the buggy was making *no noise,* and did not prevent his hearing all he could have heard if he had come to a full stop. The injury and the defendant's negligence is conceded; the testimony strongly preponderates against plaintiff on his contributory negligence, but not altogether so. We will reverse the judgment, and remand the cause that plaintiff may take the verdict of a jury on his case. All concur.