ALVIN P. MASTERSON, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 28, 1894.

1. **Appellate Practice:** SECOND APPEAL: RES ADJUDICATA. On the first appeal the case was reversed because the trial court sustained a demurrer to plaintiff's evidence. On a second appeal, *held*, as the

evidence was the same as on the first appeal, the question of the evidence entitling plaintiff to go to the jury was *res adjudicata*.

2. **Railroad:** CROSSING: TRAVELER. If the view of the railroad tracks at a crossing is obstructed or the noise or other causes render hearing difficult, the traveler must stop and look and listen before he attempts to cross.

3. ———: ———: ———. If the view of the railway track is unobstructed and the hearing not interfered with so that the traveler can both look and listen, he is not required to stop before crossing.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*Thos. E. Turney* for appellant.

(1) The court erred in refusing defendant's instruction number 1. Plaintiff's view of the train according to all the testimony, including his own, was unobstructed when he was twenty-seven feet distant from the crossing. If he didn't see it, it is because he didn't look. *Stepp v. Railroad,* 85 Mo. 229–235; *Smith v. Railroad,* 52 Mo. App. 36, 39, 40; *Fusili v. Railroad,* 45 Mo. App. 535–539, and cases cited. (2) The court erred in refusing defendant's instruction number 2. The plaintiff knew that the train was on the north side track. He fixes the distance between that track and the main track at twenty feet. His view of the north side track was obstructed by the coach standing on the main track. His buggy "made some noise." Under the circumstances it was his duty to stop and listen before passing over the main track. *Stepp v. Railroad, supra; Kelly v. Railroad,* 88 Mo. 534, 547, 548 and cases cited. It is shown by the testimony of Mr. Stiff that the plaintiff could have heard the train if he had listened. It is criminal to say the buggy made no noise. Mr. Rains says: "There was some noise made

by the buggy.   The noise ordinarily made by a buggy. The roads, I think, were good.''

Samuel _Hardwicke_ and _Claude Hardwicke_ for respondent.

(1) The court did not err in refusing instruction number 1 asked by the defendant.   That instruction was a demurrer to the evidence and the petition.   The following are some of the cases in this state which are relied on for the doctrine of stopping, etc.   _Fletcher v. Railroad_, 64 Mo. 484; _Harlan v. Railroad_, 65 Mo. 22; _Henze v. Railroad_, 71 Mo. 636; _Purl v. Railroad_, 72 Mo. 168; _Turner v. Railroad_, 74 Mo. 602; _Hixson v. Railroad_, 80 Mo. 335; _Donohue v. Railroad_, 91 Mo. 357.   It is contended that as the plaintiff was negligent in not stopping, that negligence defeats his recovery in this case.   But in order to defeat his recovery, that injury must have been caused by his negligence.   This is distinctly recognized in all the Missouri cases cited. _Fletcher v. Railroad, supra; Donohue v. Railroad,_, _supra; Enggenheim v. Railroad_, 66 Mich. 158, 33 N. W. Rep. 161; _Dolan v. Canal Co._, 71 N. Y. 285.   The court did not err in refusing defendant's instruction number 2.   That instruction told the jury ''that, under the circumstances of this case, it was the duty of the plaintiff before driving on the main track to stop his horses and to look and listen for the train.''   This was practically another demurrer to the evidence.   _Donohue v. Railroad, supra._

SMITH, P. J.—This case was here on another occasion, 49 Mo. App. 6.   The evidence then disclosed is in its essential features the same as that contained in the present record.   We there ruled that the evidence was sufficient to entitle the plaintiff to go to the jury

and .so reversed the judgment and remanded the cause. It appears that the case has been retried and that plaintiff has obtained a verdict in his favor. The defendant by its appeal seeks a reversal of the judgment given on that verdict, mainly on the ground that the trial court erred in its action refusing an instruction asked by it in the nature of a demurrer to the evidence.

And since the evidence in the record in the case then does not substantially differ from that in the present case the ruling there made is in its nature *res adjudicata* and therefore conclusive on us. It is a little singular that the plaintiff instead of calling our attention in his brief to that precedent in order to uphold his judgment has contented himself with citing other cases which he seems to have deemed more pertinent.

As to the defendant's further contention that the second instruction asked by the defendant and refused by the court to the effect that under the circumstances of the case it was the duty of the plaintiff before driving on the main track to stop his horses and look and listen for the train is not well taken. This instruction was properly refused. It was not the absolute duty of a traveler with a team about to cross a railway track where it intersects a public highway to stop, look and listen for a train. If the view of the railway tracks is obstructed, or if from the noise of the winds or the rattling of a wagon and the clatter of the horses' feet, or from other causes, hearing is rendered difficult it would be his duty to stop, look and listen. *Kelly v. Railroad*, 88 Mo. 534; *Stepp v. Railroad*, 85 Mo. 229; *Johnson v. Railroad*, 77 Mo. 547.

But when his view is unobstructed and his hearing not interfered with so that he can both look and listen, it is not required of him as an ordinarily prudent man under such circumstances before entering upon a railway crossing to stop, for he can see and hear an

approaching train without so doing. *McNown v. Railroad*, 55 Mo. App. 585; *Jennings v. Railroad*, 112 Mo. 275; *Easley v. Railroad*, 113 Mo. 245.

In this case the testimony was that the plaintiff's buggy made no noise—the roads were smooth. There was no obstruction to interfere with the plaintiff's view before he entered upon the crossing. It was his duty to look and listen but not to stop, and the evidence goes to prove that he performed the required duties. There is no merit perceived in the other objections suggested by the defendant to the rulings of the trial court, and so the judgment must be affirmed. All concur.