JOHN A. KERR, Respondent, v. JAMES D. CUSENBARY, Appellant.

Kansas City Court of Appeals, February 15, 1897.

1. **Res Adjudicata**: FORMER APPEAL: DEMURRER TO EVIDENCE.  When on a first appeal the appellate court reviews the evidence and decides there is sufficient to send the case to the jury, on a second appeal with substantially the same evidence, that question is *res adjudicata.*

2. **Instructions**: PLEADING.  Where the answer is a general denial and the plaintiff's instructions hypothesize certain facts to warrant the judgment in his favor, and the defendant's instructions tell the jury that unless they find such facts, their verdict should be for the defendant, all the issues in the case are covered.

3. ———: COVERING SAME GROUND AS OTHERS: FORMERLY DISAPPROVED. Instructions covering the same ground as others given are properly refused as are also instructions disapproved on a former appeal.

4. **Evidence**: TESTIMONY OF PLAINTIFF AS TO WRITING LETTERS.  In an action for services in procuring a lease, the plaintiff may testify that he wrote to third persons in order to induce them to sell the land to the other party to the lease, but defendant can not testify as to conversations he had with third parties.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Gates & Wallace* and *Ben. T. Hardin* for appellant.

(1)   The broker must be the procuring cause of the contract on which he depends for his recovery.   It will not suffice for his act to be one of the chain of causes producing the contract.   It must be the procuring or inducing cause, or as it has been said, it must be the *causa causans.*   *Ramsey v. West*, 31 Mo. App. 676, 687; *Zeidler v. Walker*, 41 Mo. App. 118; *Wylie v. Bank*, 61 N. Y. 415; *Earp v. Cummings*, 54 Pa. St. 395;

*McClure v. Payne*, 49 N. Y. 561; s. c., 2 Sweeny (N. Y.) 407; Ewell on Agency, 341. (2) The court erred in giving instructions numbered 1 and 2, asked by plaintiff; the first is misleading in that it singles out certain things which the jury is told is not necessary to prove; and both ignore the defense in the case. *Stanfield v. Loan Ass'n*, 53 Mo. App. 595; *Hohstadt v. Daggs*, 50 Mo. App. 240; *Machine Co. v. Bobbst*, 56 Mo. App. 427. When a party offers an instruction on the whole case, he must not frame it so as to exclude the points raised by the evidence of his adversary. *Griffith v. Conway*, 45 Mo. App. 574; *Maach v. Schneider*, 57 Mo. App. 431. (3) The issue in this case was whether plaintiff was agent for defendant; the instruction covered defendant's theory, and should have been given. (4) The court erred in overruling defendant's objection to evidence concerning the sale of the Parsons' land. Nothing was pleaded about that sale and it was error to permit plaintiff to testify about it, as that was entirely a different transaction from the one on which this action is based. *Milling Co. v. Transit Co.*, 122 Mo. 258; *Yarnell v. R'y*, 113 Mo. 570; *Nall v. R'y*, 97 Mo. 68; *Dahlstrom v. R'y*, 96 Mo. 99; *Harty v. R'y*, 95 Mo. 368; *Gurley v. R'y*, 93 Mo. 445; *Hipsley v. R'y*, 88 Mo. 348; *Ely v. R'y*, 77 Mo. 34; *Weil v. Posten*, 77 Mo. 284; *Price v. R'y*, 72 Mo. 414; *Waldhier v. R'y*, 71 Mo. 514; *Buffington v. R'y*, 64 Mo. 246; *Halpin v. School District*, 54 Mo. App. 372; *Altman v. Smith*, 52 Mo. App. 351; *Bright v. Fonda*, 44 Mo. App. 634; *Conway v. R'y*, 24 Mo. App. 235; *Muirhead v. R'y*, 19 Mo. App. 634.

*Warner, Dean, Gibson & McLeod* and *Yeager & Strother* for respondent.

(1) The instructions given "fully covered every phase of the case. They were consistent and harmoni-

ous expressions of the law which have been many times approved." *Kerr v. Cusenbary,* 60 Mo. App. 559, 564. (2) The trial court in giving instructions "conformed strictly to the opinion heretofore given" by this court in this case, and no question can now be raised as to the correctness of its action in so doing. *Senate v. R'y,* 57 Mo. App. 223, 225. (3) Defendant's fifth instruction was properly refused. On the former appeal this court held the evidence sufficient to require the submission of the case to the jury. *Kerr v. Cusenbary,* 60 Mo. App. 558. "And since the evidence in the record in the case there does not substantially differ from that in the present case, the ruling there made is in its nature *res adjudicata* and therefore conclusive" on this appeal. *Masterson v. R'y,* 58 Mo. App. 572, 575.

SMITH, P. J.—The evidence disclosed by the record in the present case does not materially differ from that presented when it was here on a former appeal. We were then obliged on demurrer interposed by the defendant to review the entire evidence. The conclusion we then reached was that it was sufficient to carry the case to the jury. *Kerr v. Cusenbary,* 60 Mo. App. 559. The ruling so made must be regarded in the nature of *res adjudicata* and therefore conclusive. *Masterson v. Railway,* 58 Mo. App. 572. We must therefore decline to again review it.

The plaintiff's instructions numbered 1 and 2 are exact counterparts of those approved by us on the former appeal. In effect the jury were thereby told that if they found the facts therein hypothetically stated, the verdict should be for the plaintiff. The defendant contended that these instructions are erroneous because they

excluded the points raised by the evidence of defendant. The answer was a general denial. There was no special defense pleaded nor was there evidence offered tending to establish any such defense. The sole issue was: *First.* Whether the plaintiff at the request of defendant had rendered any service to defendant in procuring the said lease and, *second,* whether such services were the procuring cause of such lease, and if so, what was the reasonable value of the same? The only evidence offered by the defendant was of a negative character. The plaintiff's instructions were not therefore subject to the objection which defendant has lodged against them. The rule declared in *Mallman v. Harris,* 65 Mo. App. 128; *Cultivator Co. v. Railway,* 64 Mo. App. 305; *Clark v. Hammerle,* 27 Mo. 55, and other like cases has no application to a case of this kind.

But if the plaintiff's instructions had ignored the defendant's case as he contends, still this would afford him no just ground for complaint since the court gave for him several instructions which fairly submitted to the jury the negative of the issues. When the two series of instructions are read together it will be seen that they submitted to the jury the theory of each of the parties. The jury were told by plaintiff's instructions that if they found the facts therein referred to that the verdict should be for plaintiff, while they were told by those for defendant that unless they found such facts their verdict should be for the defendant. The instructions were not therefore incomplete in any view that may be taken of them. *Bank v. Hatch,* 98 Mo. 374; *Owens v. Railway,* 95 Mo. 170; *Rultz v. Railway,* 94 Mo. 600. The other criticisms of the plaintiff's instructions are merely verbal and are as we think wholly destitute of merit.

The defendant's objection that the court erred in refusing his sixth instruction can not be sustained.

The issue of fact which it submits is sufficiently covered by other instructions which were given for him. If the services rendered by the plaintiff were not at the request of defendant then the plaintiff was not entitled to recover, and so the jury were directed in the defendant's other instructions. The defendant's seventh instruction was passed upon disapprovingly when the case was here before; and his ninth was properly refused, since the same ground was covered by his other instructions. And the same is true of his tenth.

*——: covering same ground as others: formerly disapproved.*

The court did not err in permitting the plaintiff to testify that at the request of defendant he wrote to Parsons in relation to the land the Air Line managers desired to acquire for a lake. The latter would not enter into the lease with defendant unless this land could be acquired by them. The defendant knew this, hence he requested the plaintiff, who was favorably known to Parsons, to use his best endeavors to induce the latter to let the Air Line managers have the parcel of land they required. This evidence was properly admitted as tending to prove the plaintiff's services in procuring and causing to be made the lease.

*EVIDENCE: testimony of plaintiff as to writing letters.*

It is not perceived that the defendant was prejudiced by the action of the court in refusing to permit the defendant to testify to a conversation he had with the Air Line managers about looking over the defendant's land. This, it seems to us, was clearly irrelevant to the issues.

There is nothing on the record that would justify us in reversing the judgment. The case has been fairly tried and the defendant has no just ground to complain of the result.

The judgment must be affirmed. All concur.