STATE OF MISSOURI, Respondent, v. J. E. WILLIAMS, Appellant.

St. Louis Court of Appeals, February 23, 1897.

Criminal Law : MISDEMEANOR: SALE OF INTOXICATING LIQUOR BY PROPRIETOR OF DRUG STORE.    One owning and conducting a drug store, and employing a regular pharmacist, is a druggist within the meaning of the statute (R. S. 1889, sec. 4614), and as such can only be convicted of the sale of intoxicating liquors in the prosecution of that business, by indictment under the druggist act (Id., secs. 4611, 4621, 4622); and if not shown to be a druggist, but having a merchant's license, then he should be indicted as a merchant.

Appeal from the Shannon Circuit Court.—HON. W. N. EVANS, Judge.

REVERSED, AND DEFENDANT DISCHARGED.

Orchard & Hines for appellant.

State v. Williams.

No brief filed for respondent.

BOND, J.—Defendant was indicted for unlawfully selling liquor in less quantity than three gallons, without taking out or having a dramshop keeper's license. On the trial the state proved that defendant sold about a gill of whisky within one year next before the finding of the indictment. It was admitted that he had a merchant's license at the time of said sale. It was shown by defendant that he owned and kept, in addition to the liquor sold, a stock of drugs, patent medicines, stationery, tobacco, cigars, wall paper, and notions, and that he kept in his employ a registered pharmacist. The court overruled defendant's demurrer to the evidence. The jury found him guilty and assessed his punishment at $40. Defendant appealed.

Defendant complains of the ruling of the court in refusing to instruct for an acquittal. The indictment in this case was framed for an alleged violation of the dramshop law. The undisputed evidence discloses that defendant was not indicted under that act. The fact that he owned and conducted a drug store and employed a registered pharmacist to carry on said business rendered him a druggist in the statutory sense. R. S. 1889, sec. 4614. As such he could only have been convicted of the sale of intoxicating liquors in the prosecution of that business, by an indictment in accordance with the druggist act. R. S. 1889, secs. 4611–4621, 4622; *State v. Gibson*, 61 Mo. App. 361. If, however, it had not been shown that he was a druggist, then as it was admitted that he had a merchant's license, he should have been indicted as a merchant. As he was not prosecuted either as druggist or merchant the conviction was improper, and the judgment will be reversed and the defendant discharged. All concur.