State v. Davis.

THE STATE OF MISSOURI, Respondent, v. T. S. DAVIS, Appellant.

Kansas City Court of Appeals, November 7, 1898.

1. **Druggists**: SELLING LIQUOR: PRESERVATION OF PRESCRIPTION. The statute governing druggists provides what a prescription shall contain and how it shall be preserved, and to protect one selling intoxicating liquors the prescription must be such and be preserved as the statute prescribes, otherwise it affords no protection to the druggist, 'his pharmacist or his clerk.

2. **Dramshop**: DRUGGISTS: SELLING LIQUOR: CLERK. The statute governing druggists provides only for the protection of the owner and his pharmacist, and a clerk selling liquor is rightly indicted under the dramshop act; and the construction of sections 4611 and 4621, Revised Statutes 1889, does not arise.

3. **Criminal Procedure**: CONTINUANCE: DISCRETION OF THE COURT. Where the facts set out in an application for a continuance, if fully proven, would in no way affect the result, the failure to grant a continuance will not warrant an interference with a conviction; and in this case denying the continuance was not an abuse of the judicial discretion.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

C. B. SEBASTIAN for appellant.

(1) The trial court erred in overruling defendant's application for a continuance. (2) Section 4611, Revised Statutes 1889, restricts the right to compound and dispense prescriptions to the registered pharmacist or his aid. Section 4621 enlarges this right in reference to prescriptions for liquor so they may be dispensed by the druggist, proprietor of the drug store or pharmacist. When these two sections are construed

together, as they must be, it is clear that section 4621 is intended to remove the limitation so as to include the druggist and proprietor of the drug store. How it can be contended that this enabling statute could restrict the right given in section 4621 so as to cut out the aid or clerk, I am unable to understand. (3) The pharmacist had a right to aid in dispensing all prescriptions, except for liquor. The legislation never intended this. The act was to protect the people by requiring skilled labor to fill prescriptions for drugs and poison. But the reason does not exist for filling prescriptions for liquor, so the rule ceased as to these prescriptions.

J. H. MURRY and WEBSTER GORDON for respondent.

(1) The court did not err in overruling the defendant's application for a continuance. State v. Riney, 137 Mo. 102; State v. Banks, 118 Mo. 117; State v. Parkes, 106 Mo. 217. (2) The defendant was properly charged and rightly convicted under the dramshop law. His defense to this prosecution is put upon the ground that he was the clerk and regularly in the employ of one Hawkins, who is not a registered pharmacist, but owned and conducted a drug store in the city of Sturgeon, Boone county, Missouri, at that time and kept constantly in his employ a registered pharmacist, to wit, Dr. Davis. The record clearly shows that defendant was a clerk in Hawkins' drug store and was not the proprietor, nor was he a druggist or pharmacist. State v. Gibson, 61 Mo. App. 368.

SMITH, P. J.—The defendant was prosecuted and convicted in the court below on an information charging him with a violation of the dramshop law. It appears from the record that he was the clerk of one

Hawkins, who was the owner of a certain drug store. Hawkins had a merchant's license. Neither he nor the defendant was a registered pharmacist, apothecary or physician, but the former kept constantly in his employment a competent pharmacist. The undisputed evidence shows that the defendant, in his quality as clerk of the owner of the drug store, made a sale of a half pint of whiskey at the time and place charged in the information, and the question now is, whether the conviction therefor under the dramshop law can be sustained.

The defendant offered to prove by the person to whom he made the sale that the latter had a prescription for the whiskey which was delivered to the former. This offer was rejected and very properly so, too, as we think. The statute requires all prescriptions to be in writing and preserved by the druggist, proprietor or pharmacist receiving the same. R. S., secs. 4621, 4622. The statute has thus provided not only what the prescription shall contain, but how it shall be preserved; and therefore if any one of the classes of persons mentioned in said section 4621 seeks to protect himself by a prescription against a prosecution for selling intoxicating liquors, to be of any avail, he must produce that required by statute. Defendant did not offer to produce the written prescription preserved and filed as required by statute. It alone satisfies the law. State v. Hendrix, 98 Mo. 374. The prescription which the defendant's proffered evidence tended to establish was in legal effect no prescription at all and could afford no protection to any one. Had the owner of the store or the registered pharmacist therein employed made the sale in question, instead of the defendant, the prescription whose existence the defendant offered to

DRUGGIST: selling liquor: preservation of prescription.

prove, would have afforded neither of them any protection against a prosecution for violating the statute in relation to druggists.

The defendant was neither the owner of the store nor a registered pharmacist. He was not one of any of the classes designated in the statute relating to druggists, and therefore the provisions of that statute were inapplicable to him. He had no license of any kind authorizing the sale of intoxicating liquors in any quantity or in any way and therefore he was properly charged and convicted under the dramshop law. State v. Basket, 52 Mo. App. 389; State v. Gibson, 27 Mo. App. 627; State v. Greene, 27 Mo. App. 627; State v. Williams, 69 Mo. App. 286. Since there was no such prescription as satisfies the statutory requirement, either produced or offered to be produced by defendant, it necessarily follows that the question of construction of sections. 4611 and 4621, for which he so strenuously contends. in his brief, does not arise.

*Dramshops: druggist: selling liquor: clerk.*

The defendant further objects that the trial court erred in refusing to grant a continuance of the cause on his application therefor. An examination of the application shows that had every fact which it was therein alleged was expected to be proved by the absent witness had been proved at the trial, the result would in no way have been different. Whether or not the defendant's employer was a pharmacist, or whether or not he had a pharmacist in his employ was in any view of the case unimportant if, as was the fact, the sale was made without a prescription. The theory of the defendant's contention is based upon the groundless assumption that the sale was made to fill a prescription. It is not perceived that the action of the court.

*Criminal procedure: contemporaneous: discretion of the court.*

in denying the application for the continuance was an abuse of that discretion with which the law invests it.

We are satisfied the defendant was rightly convicted and so affirm the judgment.    All concur.