State v. Kampman.

---

THE STATE OF MISSOURI, Respondent, v. W. A. KAMPMAN, Appellant.

Kansas City Court of Appeals, October 30, 1899.

Intoxicating Liquor: DRINKING ON PREMISES OF DRUGGIST: INSTRUCTION. An instruction warranting a conviction if the defendant at the time the liquor was drunk at his store was a druggist, is error, since it does not cover the whole case which requires him to be a registered pharmacist.

Appeal from the Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

*J. C. Wilson, J. W. Peery* and *J. M. Sallee* for appellant.

Instruction number 1 for the state is erroneous, because it does not require the jury to find that the defendant was a registered pharmacist; nor does it tell the jury what it takes to constitute a druggist within the meaning of the law. State v. Greene, 27 Mo. App. 626; State v. Baskett, 52 Mo. App. 389; State v. Carnahan, 63 Mo. App. 244; State v. Marchand, 25 Mo. App. 657; State v. Douglass, 48 Mo. App. 39.

GILL, J.—Defendant was indicted, tried and found guilty in the court below for suffering intoxicating liquors to be drunk at his place of business contrary to the provisions of the druggists' law, chapter 58, Revised Statutes 1889.

The question on this appeal is whether or not the trial court erred in giving the state's first instruction, which, in substance, told the jury that if the defendant was at the time the liquor was drunk at his store, "a druggist and dealer in drugs and medicines," then said defendant was guilty and they should so find.

Following the decisions of this court in State v. Greene, 27 Mo. App. 626, and State v. Baskett, 52 Mo. App. 389, we must condemn the instruction referred to. As said in the case last cited, "a druggist subject to prosecution under the foregoing act, is one who is registered as such, and when so designated in section 4621 that particular class is intended." The jury should then have been told that to justify the prosecution it should have been shown that defendant was a druggist within the meaning of said act, that is was a registered pharmacist or druggist. The instruction was faulty in this particular. It purported to present the entire case and no other instruction was given covering the point mentioned.

Judgment reversed and cause remanded. All concur.