THE STATE OF MISSOURI, Respondent, v. ED TOTMAN, Appellant.

### Kansas City Court of Appeals, December 4, 1899.

**Selling Liquor: MERCHANTS' LICENSE: DEFENSE.** A license applied for in October with bond filed but not issued until the May following will not protect the applicant on an indictment for sale of liquor made between said dates without dramshop keeper's license. The license must be secured before the sale.

Appeal from the DeKalb Circuit Court.— *Hon. W. S. Herndon*, Judge.

Affirmed.

*Turney & Goodrich* and *F. B. Ellis* for appellant.

The defendant was not guilty of a violation of the dramshop law. The proof shows, if it shows anything, that the defendant was the proprietor of the drug store, and that he had in his employ a pharmacist. He was not indicted under section 4621 of the Revised Statutes of 1889, which provides, no druggist, proprietor of a drug store, or pharmacist, shall sell

or give away intoxicating liquors in any quantity less than four gallons, unless upon a prescription of a physician. The defendant had a stock of drugs and was at the date of the sale running a drug store and belonged to that class of persons. He should have been indicted as such. State v. Rafter, 62 Mo. App. 101; State v. Piper, 41 Mo. App. 160; State v. Davis, 76 Mo. App. 586; State v. Williams, 69 Mo. App. 286.

ELLISON, J.—Defendant was indicted, tried and convicted for selling intoxicating liquor in less quantities than three gallons without having a license as a dramshop keeper or other legal authority so to do.

As we gather from the record, defendant endeavored to show that he was a druggist operating under a merchant's license, the effect of which would have been that he was not indicted properly; since he should in that case have been proceeded against under the Druggists and Pharmacists law. State v. Piper, 41 Mo. App. 160; State v. Rafter, 62 Mo. App. 101; State v. Davis, 76 Mo. App. 586; State v. Williams, 69 Mo. App. 286.

In thus attempting to show that he was a druggist he showed that his stock of merchandise was what is generally and usually known as a general stock of drugs and medicines. He further introduced a merchant's license reciting that it was applied for and that bond was given on October 8, 1897, and that he was authorized to vend goods, wares and merchandise for twelve months from that date. This license was however not signed and attested by the clerk of the county court until the twenty-fourth day of May, 1898, on which day it was indorsed: "Granted this 24th day of May, 1898." It was shown that the collector was not in his office when defendant gave the bond and went after the license, but he was informed of the matter, perhaps next day, and answered that it was all right, that he "would be right over" (meaning to defendant's place of business). It seems however, that he did not go and

the license was not in fact issued to defendant until the twenty-fourth of May, which was after the sale charged. The evidence amounts simply to this: Defendant gave bond and had the license drawn up and dated before the sale of the liquor; but he did not pay the money or take out the license until after the sale. It is plain that it should not afford him any protection. It was his duty to take out the license before making any sales. He was therefore not a druggist or merchant of any kind and was properly indicted for selling liquor without a dramshop keeper's license. And this was the view taken by the trial court. State v. Davis, 76 Mo. App. 589.

An examination of the point made on the court's refusal to grant a continuance satisfies us that there was no abuse of discretion.

The judgment is affirmed. All concur.

